■ In the Matter of the Claim of PHILIP POLITZER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner of the State of New York, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board which denied his claim for benefits. The claimant who worked as a salesman was informed by his employer that his employment was being terminated on September 20, 1957. He was paid on that date and also given an additional two weeks' salary. No claim for benefits was filed until June 23, 1958, thus giving the claimant only 13 weeks of employment from the beginning of his base period to September 20, 1957. The claimant clearly had 40 weeks of employment in the 104 weeks preceding the filing of his claim but the Industrial Commissioner denied the claim for failure to have 15 weeks of employment in the 52 weeks preceding the filing of the claim (Unemployment Insurance Law, § 527 [Labor Law, art. 18]). The claimant requested a hearing contending that the extra two weeks' pay was vacation pay which should be counted to give him the necessary 15 weeks. Although this pay was originally labeled severance pay on the employer's books it was changed, after the claimant filed for benefits, to vacation pay. The Referee affirmed the initial determination finding that the employment had terminated on September 20, 1957. The claimant appealed and sought a further hearing at which he testified that he had taken orders from customers during the two weeks following September 20, 1957 and he produced copies of some such orders. His explanation for not having produced these earlier was that he "didn't have sense enough". He admitted that he was under no obligation to work during that period, that he had been working on the orders before and that he did it on his own. The board affirmed the decision of the Referee. The issue here is whether the two weeks following September 20, 1957 were "weeks of employment" for the claimant. Section 524 defines a "week of employment" as "a week in which a claimant did some work in employment for an employer". It would appear that a question of credibility was presented to the board as to whether any work was actually performed during the two-week period in question. In any event the board could determine as it did that the claimant's employment terminated on September 20, 1957 and therefore that he was not "in employment" during this two-week period. The evidence indicates not only that the employer terminated the employment as of that date but also that the claimant understood that such was the case. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.