In the Matter of the Claim of FRANCES LEVIN, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.

Third Department, December 30, 1964.

*Louis J. Lefkowitz, Attorney-General (Samuel Stern, Paxton Blair* and *Harold F. Lee* of counsel), for appellant.

*Henry J. Metzner* for respondent.

REYNOLDS, J. This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board holding claimant entitled to benefits.

Claimant, with a background of dance and voice lessons since the age of 6, accepted a part-time position as a file clerk with

the Metropolitan Life Insurance Company for a period of 18 weeks from January to June, 1962. During this period she attended college and continued her voice and dance lessons. In July and August of 1962 claimant worked as a dancer in Summer stock. When this engagement ended claimant sought further theatrical employment and being unsuccessful filed for unemployment benefits. In December of 1962 the Metropolitan Life Insurance Company informed claimant that she would be rehired as a file clerk under conditions similar to those which had prevailed during her previous employment. This claimant felt she could not accept, despite the fact it would entail only a few hours a day, unless she could arrange her own hours because she needed a more flexible schedule in order to be available to attend auditions for theatrical positions whenever they might arise. The Commissioner held claimant ineligible for benefits because she was not " ready, willing and able to work in * * * employment * * * for which [she] is reasonably fitted by training and experience." (Labor Law, § 591, subd. 2.) It is from a reversal of this determination that the present appeal is brought.

The record is ample to support the board's finding that claimant genuinely intended to pursue a career in the theatre and that she was diligently searching for work in that area. Section 591, however, requires additionally a willingness to work " in any other [employment] for which [she] is reasonably fitted by training and experience." The determination of whether a claimant is " reasonably fitted by training and experience " in a given case is, of course, factual and thus within the province of the Appeal Board if its determination is supported by substantial evidence. *Matter of Tucker (Lubin)* (8 N Y 2d 1145) does not portend a different test. We are sure that the Court of Appeals in *Tucker* did not intend to create an exception to subdivision 2 of section 591 of the Labor Law solely for the benefit of the theatrical industry. They held simply that (p. 1147) " there was adequate support in the record for the board's finding that claimant was not reasonably fitted by training and experience to take a position as typist ". Admittedly the fact that her former employer would be willing to rehire her at her old job is not decisive, but neither is it consistent with the language of section 591 for claimant to use her quest for her primary employment as an excuse to, in effect, exclude all other employment for which she may be qualified under the statute (*Matter of Reiger [Jofan Maintenance]*, 17 A D 2d 269). Here, beyond the established fact that claimant worked 4 hours a day, 5 days a week for some

5 months as a file clerk and the fact that her previous employer was willing to rehire her at her former job and under the same conditions as during her former employment, which it would seem tend to establish rather that she was "reasonably fitted by training and experience", there is not one shred of evidence in the record concerning her competency in such position, much less substantial evidence to support the board's decision. Nor do we believe that in the instant case it can be assumed that because the claimant was trained primarily for another vocation she was not fitted by training and experience to act as a file clerk for while many fields of endeavor require extensive schooling, training or experience to develop even a limited degree of proficiency, there are others where an individual after only limited training and short experience may be "reasonably fitted". Concededly the board uses the statutory language in upholding the claim but its decision appears to be based not on an appraisal of claimant's training and experience as a file clerk, concerning which the record only indicates that she is qualified, but on an erroneous impression that *Tucker* (*supra*) established a new standard at least as far as theatrical persons were concerned.

The decision should be reversed and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

GIBSON, P. J. (dissenting). The board found, *inter alia*, that: "Claimant has not sought any work as a file clerk because *she is not fitted by training or experience for such work*". (Emphasis supplied.) I am unable to discern any legal or factual distinction between this case and that of *Matter of Tucker* (*Lubin*) (8 N Y 2d 1145, 1147) in which the Court of Appeals, upon an almost startling similarity of proof, held "that there was adequate support in the record for the board's finding that claimant was not reasonably fitted by training and experience to take a position as typist". This record does not even contain proof that the possible employer offered claimant a job or that it considered her training and experience adequate for the job, the employer advising her that it would first have to "re-evaluate [her] qualifications for employment"; but, in any event, as is obvious from the Court of Appeals' reinstatement of the board's decision in *Tucker*, the actual job offer there was not conclusive upon the board as proof, or the equivalent of proof, of fitness through training and experience. Here, the board found that claimant had "no training nor more than temporary experience on a part-time stop-gap basis". Consequently, I vote to affirm.

Herlihy and Taylor, JJ., concur with Reynolds, J.; Gibson, P. J., dissents in opinion in which Hamm, J., concurs.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.