■ In the Matter of the Claim of CAROLYN A. CALTABIANO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because she did not file a valid original claim in that she did not have at least 20 weeks of covered employment in her base period (Labor Law, § 527, subd 1, par [d]). The board found that claimant only had 17 weeks of covered employment in her base period and thus had not filed a valid original claim. Claimant asserts, however, that she should also be credited for three additional weeks of employment since she received 14 days of paid vacation when her employment was terminated. The board rejected this position on the ground that there was no intention to return to work and thus claimant received not a paid vacation but rather a cash payment in lieu of accrued vacation rights. Section 524 of the Labor Law recites that " 'week of employment' " means "a week in which a claimant did some work in employment for an employer liable for contributions"; and a regulation of the Industrial Commissioner, entitled "Definition of terms" and adopted under authority of section 530 of the Labor Law, states that *"week of*

*employment* includes any statutory week during any part of which an employee is on paid vacation or other paid leave of absence even though no actual work is performed" (12 NYCRR 470.2[g]) (emphasis supplied). When these provisions are read together, as they must be, the regulation cannot extend a "week of employment" to a period beyond the end of the employment, when claimant did not do "some work in employment" in such period (see *Matter of Politzer [Catherwood]*, 11 AD2d 839). Accordingly, the board's decision, being supported by substantial evidence, must be affirmed. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.