■ In the Matter of the Claim of GEORGE J. BECK, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 1978, which affirmed the decision of a referee sustaining initial determinations of the Industrial Commissioner holding claimant ineligible to receive benefits, effective March 6, 1978 through April 9, 1978, on the ground that he failed to comply with registration requirements, and effective April 10, 1978, on the ground that he did not file a valid original claim in that he did not have sufficient weeks of covered employment in his base period. Claimant last worked for his employer on July 6, 1977. On July 7, 1977, he suffered a heart attack and was hospitalized. He subsequently suffered another heart attack and eventually underwent open heart surgery. On March 6, 1978, claimant was advised by his physician that he was able to return to work. On that date he informed his employer that he was able to return to work. While claimant was disabled, his employer continually assured him that he could return to his job when his disability ended. In March, 1978, when claimant spoke to his employer, the employer requested that claimant produce medical certification of his ability to return to work. On April 14, 1978, claimant produced such certification and was then informed by his

employer that he had been discharged. Claimant applied for unemployment benefits on April 14, 1978. The board ruled claimant ineligible for benefits effective March 6, 1978 through April 9, 1978 on the ground he failed to timely register during that period. His request to predate his claim to March 6, 1978 was denied. The board also ruled that claimant was ineligible for benefits effective April 10, 1978 on the ground that he had only 13 weeks of covered employment during his base period and, therefore, he failed to establish a valid original claim pursuant to section 527 of the Labor Law. This appeal ensued. The question of whether good cause exists for a claimant's failure to comply with registration and reporting requirements is an issue of fact for the board's determination (Matter of Condon [Levine], 51 AD2d 1070, 1071; Matter of Zaimoff [Catherwood], 27 AD2d 782). In the present case, however, we find a lack of substantial evidence to support the board's determination. Concededly, claimant was not informed of his discharge until April 14, 1978. According to claimant's uncontradicted testimony, he was led by his employer to believe that once he was again able to work he could return to his previous position. Under the circumstances presented herein, we are of the opinion that claimant had good cause for failing to register for benefits until April 14, 1978 and, accordingly, his claim should have been predated to March 6, 1978. The decision of the board, therefore, must be reversed. In view of our decision a new base period must be established for claimant and the matter must be remitted for a determination as to whether claimant has a sufficient number of weeks of covered employment to qualify his claim as a valid original claim pursuant to section 527 of the Labor Law. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney and Main, JJ., concur; Kane and Herlihy, JJ., dissent and vote to affirm.