■ In the Matter of the Claim of SALVATORE MANIACE, Respondent. LILLIAN ROBERTS, as Industrial Commissioner, Appellant. — Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, filed March 27, 1981, which determined that claimant was eligible to receive unemployment insurance benefits effective December 11, 1980. Claimant, a carpenter for a construction company, last worked on December 10, 1980, following which date, at his employer's instructions, he telephoned every day to inquire whether his employer, whose business in the month preceding had become increasingly sluggish, had work for him. Each time he was informed that no work was available. On December 29, 1980, after claimant told his employer he was experiencing severe financial problems, the employer in-

---

formed claimant that he was laid off, that he should apply for unemployment insurance benefits and state he had been laid off on December 10, the last day he actually worked. Claimant did so immediately, but because he had not filed his claim until December 29, the Industrial Commissioner declared him ineligible to receive benefits for the period from December 11 through December 28, 1980 (see 12 NYCRR 473.1 [a], [h]). The Administrative Law Judge's decision overruling the commissioner and concluding that claimant's neglect to file was due to misinformation given him by his employer and, therefore, his failure to timely register for benefits was excusable, was concurred in by the Unemployment Insurance Appeal Board. "Whether or not good cause exists for a claimant's failure to comply with registration and reporting requirements is an issue of fact within the province of the board" (*Matter of Condon [Levine]*, 51 AD2d 1070, 1071). Mistaken reliance on an employer's misrepresentations may constitute good cause excusing failure to register for benefits in accordance with the commissioner's regulations (*Matter of Beck [Ross]*, 72 AD2d 867). Here, there was uncontradicted testimony that claimant, who had no prior experience with the unemployment insurance system, was not simply relying upon his own impressions during the period in question, but instead was misled by his employer into believing he could not file before he was officially laid off and that until then he was ineligible for benefits. As there is substantial evidence to support the board's determination, an affirmance is required. Decision affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.