■ In the Matter of the Claim of WILLIAM REGAN, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 8, 1981, which affirmed a decision of the administrative law judge overruling the initial determination which held the claimant ineligible for benefits for insufficient weeks of employment in his base period. By filing an original claim, effective June 1, 1981, claimant established a base period from June 2, 1980 to May 31, 1981. During the base period claimant worked at three different restaurants as a bartender and as a cable splicing technician with the New York Telephone Company. In order to establish a valid original claim by one who does not have the requisite 20 weeks of employment during his base period, 15 weeks of employment during the base period plus 40 weeks of employment in the 104 weeks preceding the effective date of the original claim are required. This claimant was employed for 52

---

continuous weeks prior to June 1, 1980 by the telephone company at a total earning of $24,648.77. Thus, claimant is eligible, if he can show 15 weeks of employment during his base period. In this case, 14 weeks of such employment and at a total compensation of $4,641 are not disputed. The dispute arises over the 15th week. In that regard, claimant reported on schedule to work with the telephone company on July 7, 1980, and was told to wait for his shop steward to discuss an incident of his employment. At noontime of that day claimant was sent home on a 10-day suspension that had been imposed and would terminate on July 17, 1980, with claimant's employment ending as of July 18, 1980. Subsequently, claimant received his final pay check for the week ending July 12, 1980. This check included $44 for the one-half day of July 7. During the suspension period claimant continued to be covered for fringe benefits. For the week ending July 19, 1980, claimant did not report to work and had no work or earnings. The question is whether when claimant did no work during the one-half day spent with the employer on July 7, 1980, the payment of $44 for that time entitles claimant to credit for the entire week, which would give him the necessary 15-week period. Since claimant reported to work on July 7 and followed his employer's order to await his shop steward at his place of employment and was available for employment at his employer's direction and was paid for such period, the decision of the board that claimant did some work in employment that week, even though claimant did not perform his usual duties, is supported by substantial evidence and should be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.