◼ In the Matter of the Claim of Debra S. Rothstein, Appellant. Lillian Roberts, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 8, 1982, which ruled that claimant was entitled to a benefit rate of $93 per week and charged claimant with an overpayment of $77 of which $44 is recoverable. Claimant filed an original claim for benefits effective July 13, 1981, thus establishing a base period from July 14, 1980 to July 12, 1981, during which time she had worked for two employers. The benefit rate for a claimant is determined from the claimant's number of "weeks of employment" (Labor Law, § 524) and the amount of "remuneration" (Labor Law, § 517) during the base period. Claimant's figures for her weeks of employment and remuneration establish a benefit rate of $97 per week. However, her employers' figures, subsequently submitted, set a benefit rate of $100, which claimant received for 11 weeks. Thereafter, in September, 1981, the Department of Labor audited her employers' payroll books and determined that one of her employers had erroneously included in her "weeks of employment" four weeks when claimant had been on sick leave. The audit also revealed that the employer had included in claimant's "remuneration" sick pay for those four weeks plus approximately four more weeks of single sick days. The department, therefore, revised claimant's

benefit rate down to $93 per week. Claimant was charged with an overpayment of $77 for the 11 weeks, with $44 (the difference between the correct rate of $93 and $97, the rate based on claimant's original figures) held to be recoverable. The additional $33 overpayment (the difference between $97 and $100, the rate based on the employers' figures) was not held to be recoverable. This determination was sustained by an administrative law judge following a hearing and subsequently affirmed by the board. Claimant does not dispute the accuracy of her payroll and attendance records. She contends simply that for purposes of determining her benefit rate, her sick pay should be counted as part of her remuneration and all her sick days, not just the four entire weeks she was out sick, should be excluded from her employment.[*] Section 517 (subd 2, par [a]) of the Labor Law provides that "remuneration" does not include: "[t]he amount of any payment made to, or on behalf of, any employee * * * under a plan or system established by an employer which makes provision for his employees generally * * * including any amount paid by an employer for insurance or annuities, or into a fund, to provide for any such payment on account of retirement, or sickness or accident disability". (See, also, *Matter of Carpenter [Catherwood]*, 35 AD2d 900.) Thus, since it is indisputed that claimant's sick pay was provided under such an employer plan to provide for its employees' sickness, claimant's sick pay was properly excluded from her remuneration. "Week of employment" is also defined by the Labor Law and its regulations. A week of employment is "a week in which a claimant did some work in employment for an employer" (Labor Law, § 524), and includes any week "during any part of which an employee is on paid vacation or other paid leave of absence" (12 NYCRR 470.2 [g]). Therefore, in determining claimant's unemployment insurance benefits, the board correctly included those weeks in which claimant either worked or was on paid vacation for at least one day, and excluded only the four full weeks when claimant was on sick leave (see *Matter of Regan [New York Tel. Co. — Roberts]*, 92 AD2d 1046). We disagree, however, with the board's determination that, under subdivision 4 of section 597 of the Labor Law, claimant should be required to repay $44 of her benefits because this amount was paid to her as a result of her false, though not willful, statements concerning her remuneration and weeks of employment. The Court of Appeals recently held in *Matter of Valvo (Ross)* (57 NY2d 116) that subdivision 4 of section 597 permits recovery of benefits where a claimant made a false statement of fact as to whether he was "employed", but not where a claimant in good faith merely made a mistake of law in deciding whether his particular minimal activities constituted "employment" within the meaning of the Labor Law. Thus, the court distinguished between a factually false statement and a good faith but erroneous interpretation of the law, reasoning that laymen should not be held to a technical interpretation of the Unemployment Insurance Law. In the instant case, claimant's false statements apparently were that (1) in figuring out her "remuneration", she did not subtract sick pay from the amounts shown on her pay stubs, and (2) in figuring out her "weeks of employment", she subtracted all her days of sick leave, rather than just the entire weeks when she was on sick leave. The Department of Labor's definitions of "remuneration" and "weeks of employment" do not appear anywhere on the form which claimant filled out when she applied for benefits. Nor is there any claim or indication in the record that the department's definitions of these terms were ever explained to claimant. Similar to the department's interpretation of "employment" at issue in *Matter of Valvo (Ross)* (57 NY2d 116, *supra*), the department's interpretations of "remuneration" and "weeks of employment" (Labor Law, §§ 517, 524) do not "reflect the common

---

[*] Greater remuneration and fewer weeks of employment would give a higher average weekly wage and thus would establish a higher benefit rate.

understanding" of these terms (*Matter of Valvo* [*Ross*], *supra,* p 126). Moreover, there is nothing in the record from which it can be reasonably inferred that claimant realized that it was erroneous to include sick pay in her remuneration and to subtract all her days of sick leave, and not just full weeks, from her weeks of employment (see *id.*, at p 127). Since claimant's false statements thus clearly appear to have been good faith but erroneous interpretations of law, rather than false statements of fact, subdivision 4 of section 597 does not apply and there should be no recovery of benefits against her. Decision modified, by reversing so much thereof as holds that $44 of claimant's overpayment is recoverable, and, as so modified, affirmed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.