■ In the Matter of the Claim of JOHN J. HAGAN, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 1984, which ruled that claimant was ineligible to receive benefits because he did not file a valid original claim.

Claimant had been employed as a dock worker for a private parcel delivery service until August 2, 1982, when he sustained a compensable back injury. After receiving workers' compensation benefits through 1983, claimant, in February 1984, resigned from his position, which still remained available to him, to accept a $42,000 lump sum severance payment because of a reorganization by the employer. This payment could be taken advantage of at the time by any employee electing to retire or resign. Thereafter, claimant filed for unemployment insurance benefits effective February 20, 1984, thus establishing a base period from February 21, 1983 through February 19, 1984. While claimant does not challenge the conclusion that workers' compensation payments are not remuneration within the meaning of the Labor Law § 517 (2) and that the weeks for which he received those payments did not constitute covered employment for purposes of computing his base period, he maintains that his claim comes within the reach of Labor Law § 527 (3) which, as recently amended (L 1984, ch 381, § 1), allows for an extension of the base period in those instances where claimants have received workers' compensation benefits during their base periods. Since the amendment took effect September 17, 1984 and retroactive applicability is not indicated, that argument is ineffectual since claimant's original claim was effective February 20, 1984 (*cf. Matter of Gettinger* [*Lubin*], 9 AD2d 586).

Decision affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.