■ In the Matter of the Claim of PHILIP S. BASHE, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 15, 1985, which ruled that claimant was ineligible to receive benefits because he failed to comply with registration requirements.

Claimant was employed as an editor of a magazine published by BRI Publishers (BRI). On May 7, 1985, claimant was allegedly informed that BRI was filing for bankruptcy and that he would not be paid for his previous week's work. Also on that date, claimant avers he was informed that a new company had been formed to publish the magazine he worked on and that his position would thus continue. In apparent reliance on this information, claimant did not file for benefits during the week of May 6, 1985. However, on May 13, 1985, he was informed that his position would not begin until the following week. Claimant then filed a claim for benefits for, *inter alia,* the week of May 6, 1985.

Claimant was initially determined ineligible for benefits for the week of May 6, 1985 because he failed to comply with Department of Labor's registration requirements. After a hearing, the Administrative Law Judge (ALJ) sustained the initial determination. This decision was based on the fact that the misinformation was not provided by the local unemployment office. The ALJ did not reach the issue of whether the employer's misinformation caused claimant to fail to make a timely filing. The Unemployment Insurance Appeal Board affirmed and this appeal ensued.

Generally, claims for benefits are only effective commencing with the first day of the week in which they are filed (12 NYCRR 473.1 [a]). However, failure to file a timely claim can be excused upon a showing of facts and circumstances constituting good cause (12 NYCRR 473.1 [h]). Whether good cause exists for failing to comply with the registration requirements is an issue of fact for the Board which must be sustained if supported by substantial evidence *(Matter of Beck [Ross],* 72 AD2d 867). This court has previously held that employer misinformation can constitute good cause for failing to timely register for benefits *(Matter of Maniace [Roberts],* 88 AD2d 1025; *Matter of Beck [Ross], supra).*

Here, the decision of the ALJ, which was adopted by the Board, was based solely on the premise that misinformation could not constitute good cause so long as the misinformation was not from the local unemployment office. This premise is erroneous as a matter of law since misinformation from a claimant's employer can constitute good cause. The Board failed to address the factual issue raised by claimant as to whether misinformation of his employer induced him not to file a timely claim. Since the Board's decision was based on an erroneous application of the law and did not address a relevant factual issue, its decision must be reversed (see, Matter of Panek [City of Syracuse—Roberts], 111 AD2d 466).

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Kane, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.