■ In the Matter of the Claim of Louis L. WOODY, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 1987, which ruled that claimant was ineligible to receive benefits because he was not employed a sufficient number of weeks during his base period.

Claimant was employed as a purser by a steamship line. The employer discontinued the use of pursers and, in an agreement with claimant's union, paid claimant severance pay from January 1986 to June 1986. Claimant ceased working on July 15, 1985 and filed an original claim for benefits effective July 21, 1986, thus establishing a base period from July 22, 1985 through July 20, 1986. Claimant received $11,031.12 in

severance payments in 1986. Claimant sought unemployment insurance benefits which were denied by the Commissioner of Labor. This denial was affirmed by the Unemployment Insurance Appeal Board, which held that claimant was ineligible to receive benefits effective July 21, 1986 because he failed to file a valid original claim in that he had no weeks of employment during his base period.

The issue here is whether severance pay constitutes remuneration in the year it is received, thus giving claimant the necessary weeks of employment in his base period. Claimant urges that the agreement between the employer and his union to denominate these severance payments as wages should be controlling on the issue. We disagree *(see, Matter of Politzer [Catherwood]*, 11 AD2d 839). Further, pursuant to Labor Law § 517 (2) (h), dismissal pay is excluded as remuneration. Relevant to the issue also is Labor Law § 524, which defines a "week of employment" as a week in which an employee did some work for his employer. Claimant had done no work for the employer in his base period.

The decision of the Board is thus supported by substantial evidence and should be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.