■ In the Matter of the Claim of BARBARA BACHURETZ, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Mikoll, J.

Claimant was employed as an airline flight attendant. She filed an original claim for benefits effective April 28, 1986, thereby establishing a base period from April 29, 1985 to April 27, 1986. She was absent from work before her base period began and continuing to November 29, 1985 because of maternity leave. She received payments equal to her full salary up to November 29, 1985 pursuant to a collective bargaining agreement with her employer. The leave of absence was required because of the health risk her work represented to her during her pregnancy. She had performed actual services for the employer from January 18, 1986 to March 7, 1986 in the base period.

The Unemployment Insurance Appeal Board found that claimant was absent from work due to a disability related to her pregnancy and that payments made to her were made on account of her disability. The Board further concluded that such payment did not constitute remuneration for work for purposes of entitlement to unemployment insurance benefits pursuant to Labor Law § 517 (2) (a).

The phrase "week of employment" is defined in Labor Law § 524 as "a week in which a claimant did some work in employment for an employer liable for contributions or for payments in lieu of contributions under this article". Labor Law § 517 (2) (a) excludes from remuneration for work any payments made on account of sickness or accidental disability.

It is uncontested that claimant performed only seven weeks of work during her base period. The contractual arrangement with her employer for paid maternity leave does not change the nature of her absence from work into "employment" as

defined under Labor Law § 524. Under 12 NYCRR 470.2 (g), a week of employment includes any statutory week during which "an employee is on *paid* vacation or other *paid* leave of absence even though no actual work is performed" (emphasis supplied). This regulation does not apply under the instant circumstance. Claimant's absence was not due to a "paid vacation" or a "paid leave of absence" but due to a disability for which she received payments under a contractual agreement with her employer *(see, Matter of Rothstein [Roberts],* 96 AD2d 699, 700). The case of *Matter of Carpenter (Catherwood)* (35 AD2d 900) is not to the contrary.

Substantial evidence supports the decision of the Board that claimant had insufficient weeks of employment in her base period *(see,* Labor Law § 527) and was, therefore, not entitled to unemployment insurance benefits.

Decision affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.