■ In the Matter of the Claim of MARK RAPPAPORT, Respondent. TOWN OF MAMARONECK, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 26, 1987, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant, a firefighter, sustained a broken wrist while off duty in June 1985. As a result of his injury, claimant was unable to work as a firefighter for approximately one year. Claimant was able to perform light duty as of January 10, 1986, but no suitable position was available at that time.

Claimant thereafter applied for unemployment insurance benefits and the local office determined that claimant was eligible to receive benefits during the period from January 13, 1986 to June 1, 1986 when claimant returned to work as a firefighter. The employer objected to the initial determination on the ground that, *inter alia*, claimant was not totally unemployed prior to March 16, 1986 because he remained on the employer's payroll until this date. A hearing was held in which there was evidence that by the end of 1985, claimant had exhausted all of his accumulated sick leave time. During the period in issue, January 13, 1986 through March 16, 1986, claimant was paid on the basis of his 1986 sick leave entitlement and pursuant to a term of the collective bargaining agreement, which provided that an employee who has exhausted all of his sick leave time may use current year vacation time as additional sick leave. Following the hearing the Administrative Law Judge (hereinafter ALJ) ruled that claimant was not totally unemployed during the period he received his salary.

The Unemployment Insurance Appeal Board subsequently reversed that part of the decision of the ALJ and sustained the initial determination finding claimant eligible during the entire period in question. The Board reasoned that claimant's vacation time was converted into additional sick leave under

the collective bargaining agreement and such sick leave benefits do not constitute remuneration under Labor Law § 517 (2) (a). Since claimant performed no services for the employer during this period and received no remuneration, the Board concluded that claimant was totally unemployed and eligible for benefits. This appeal by the employer ensued.

The employer contends that the Board erred in finding claimant eligible for unemployment benefits during the period he continued to receive his full salary. Remuneration, as defined in Labor Law § 517, is relevant to making a base period determination of a claimant's eligibility (see, Matter of Bachuretz [Roberts], 140 AD2d 785; Matter of Rothstein [Roberts], 96 AD2d 699). The Board reasoned that since claimant's weeks of paid sick leave would not be considered remuneration or weeks of employment for the purpose of establishing claimant's future eligibility for benefits, it should not be considered employment or compensation so as to make claimant ineligible at present. The Board's determination of what constitutes "total unemployment" under the Labor Law is entitled to great deference and must be upheld if it is rational (see, Matter of Berger [Ross], 41 NY2d 1065, 1066; Matter of Fisher [Levine], 36 NY2d 146, 150). We are not persuaded that the Board's decision here was irrational. The Board could also rationally conclude that claimant's vacation time allotment was converted into additional sick leave time under the provisions of the collective bargaining agreement.

The employer also contends that the Board erred in finding that claimant was available for light-duty employment during the period in question. There was evidence in the record, however, that claimant had prior experience as a clerical worker and was able to perform such duties after mid-January 1986. Hence, the Board's determination that claimant was "reasonably fitted" and available for this type of employment was supported by substantial evidence (see, Matter of Levin [Catherwood], 22 AD2d 286, appeal dismissed 15 NY2d 1034). We have considered the employer's other contentions and find them also to be without merit.

Decision affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.