■ In the Matter of the Claim of MARSEILLE LUXENBERG, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 30, 1987, which ruled that claimant was ineligible to receive unemployment insurance benefits because she had insufficient weeks of employment in the applicable base periods to file a valid original claim.

Claimant was employed for seven years as a security officer for the State University College at Buffalo in Erie County. Due to job-related stress and anxiety, claimant last worked for the employer on May 2, 1985 and performed no work, labor or services for the employer from that day forward. At the commencement of her disability, claimant was allowed to charge her absences to her annual leave accruals because her claim for workers' compensation benefits had not yet been acted upon. Claimant's employer was eventually reimbursed for her accrued leave time payments and claimant was credited accordingly. Following claimant's discharge claimant received her payments for all her accrued leave times.

Claimant's application for unemployment insurance benefits was initially denied by the Commissioner of Labor because she had insufficient weeks of employment in the applicable base periods to file a valid original claim. An Administrative Law Judge (hereinafter ALJ) originally overruled this determination but, on appeal by the Commissioner, the Unemployment Insurance Appeal Board rescinded the ALJ's decision and remanded the matter for a further hearing for the purpose of determining the actual number of weeks claimant worked in her normal base period as extended by Labor Law § 527 (3). A second ALJ concluded that claimant had insufficient weeks of employment to file a valid original claim and reinstated the Commissioner's determination. This conclusion was ultimately upheld by the Board. This appeal by claimant followed.

As found by the Board, the normal 52-week base period established by the filing of the instant claim ran from July 8, 1985 through July 6, 1986 (see, Labor Law § 527 [1], [2]). It is undisputed that claimant did not work at all during this period since she last worked for her former employer on May 2, 1985. However, since claimant received workers' compensation benefits due to a job-related disability, claimant qualified for a six-month extension of her base period pursuant to

Labor Law § 527 (3) so that the base period now encompassed January 7, 1985 through July 7, 1985. During this six-month period, the Board found that claimant had only 11 weeks of actual employment. This fell short of the 20-week minimum employment requirement of the basic condition for a valid original claim (Labor Law § 527 [1]) and the 15-week minimum described in the alternate condition for a valid original claim (Labor Law § 527 [2]).

Claimant disputes the Board's finding that she was ineligible to file a valid original claim because she only had 11 weeks of employment in her base period. Claimant relies on the fact that from May 2, 1985 through June 2, 1985 she was permitted to charge her absences from work to her annual leave accruals and, therefore, this period of time should have been credited as four additional "weeks of employment" which would have qualified her for benefits pursuant to Labor Law § 527 (2). However, her leave credits were eventually restored to her and she was paid for this period in a lump sum upon her separation. According to claimant, her former employer's action in restoring those credits and compensating her for that period was improper and in violation of the Civil Service Law and claimant's own collective bargaining agreement.

We disagree. The rules and regulations of the Department of Civil Service provide that "[l]eave credits * * * used by an employee during a period of absence for which an award of [workers'] compensation has been made and credited to the State as reimbursement for wages paid shall be restored to him in full" (4 NYCRR 21.8 [g]). This is what occurred here and claimant was properly reimbursed for her vacation credits upon her termination (supra). Moreover, despite claimant's contentions otherwise, the restoration of her leave credits was consistent with the provisions of her collective bargaining agreement. It is well settled that workers' compensation payments are not remuneration within the meaning of Labor Law § 517 (2) and the weeks during which such payments are made do not constitute covered employment for purposes of computing the base period (see, Matter of Bachuretz [Roberts], 140 AD2d 785; Matter of Hagan, 109 AD2d 1039). Accordingly, the Board's determination was entirely rational and must be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.