■ In the Matter of the Claim of JOHN F. WALKER, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 27, 1988, which ruled that claimant was ineligible to receive benefits because he failed to comply with registration requirements.

After working 11 years for a graphics firm claimant was laid off, effective April 30, 1987. He received a lump-sum severance and vacation payment equivalent to 11 weeks of employment. Claimant was informed by the employer's personnel manager not to file a claim for unemployment insurance benefits during the severance/vacation pay period and that a claim could be filed anytime during the ensuing 52-week period. Thereafter, claimant relocated to another State and did not file a benefit claim until February 15, 1988, establishing a base period from February 15, 1987 through February 14, 1988 *(see,* Labor Law § 520). Finding that claimant had only 11 weeks of covered employment, the Unemployment Insurance Appeal Board determined that he lacked a valid original claim *(see,* Labor Law § 527). The Board further deemed him ineligible for benefits from May 2, 1987 through February 14, 1988 for failing to comply with the governing registration requirements *(see,* 12 NYCRR 473.1 [a], [h]). This appeal ensued.

The primary question presented is whether claimant's reliance on the employer's misinformation constitutes good cause for failing to timely file his claim. The question of good cause is essentially one of fact for the Board to resolve *(see, Matter of Bashe [Roberts],* 122 AD2d 415). This court has previously recognized that reliance on an employer's misinformation can provide good cause for a claimant's delay *(see, supra; Matter of Maniace [Roberts],* 88 AD2d 1025; *Matter of Beck [Ross],* 72

AD2d 867). In his brief the Attorney-General candidly acknowledges as much, but distinguishes the *Bashe* line of cases as instances where a claimant mistakenly relied on the employer's continued promise of employment. Here, claimant's employment definitively ended April 30, 1987 and the misinformation pertained to the employer's interpretation of the relevant eligibility requirements. The point made is that a claimant's reliance on an employer's substantive interpretation of the unemployment insurance law is unreasonable since a claimant could readily clarify his status by contacting the local unemployment office, a step this claimant did not pursue. The distinction is convincing and substantiates the Board's determination that claimant lacked "good cause" for failing to comply with the registration requirements. The Board could also disregard claimant's severance and vacation payments in calculating the weeks of covered employment required for a valid original claim *(see,* Labor Law § 524; *Matter of Caltabiano [Levine],* 50 AD2d 979).

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.