◼ In the Matter of the Claim of JOHN A. BAXTER, Appel-

lant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 22, 1988, which ruled that claimant was ineligible to receive unemployment insurance benefits because he did not file a valid original claim.

Claimant worked for General Electric Company until May 1, 1987 when he was laid off. Claimant elected to accept General Electric's severance pay option which permitted claimant to be paid for the number of weeks equivalent to his years of service plus vacation time accrued during the severance pay period. Claimant received weekly payments for 34.75 weeks. Normal payroll deductions were taken out of the checks. In the event claimant had secured other employment before the expiration of the 34.75-week severance pay period, he would have received a lump-sum payment for any remaining weeks of this period.

Claimant filed an original claim for unemployment insurance benefits on March 30, 1988. He was credited with only five weeks of employment and remuneration of $2,700 for a base period running from March 30, 1987 to March 27, 1988 and was ruled ineligible for benefits. The Unemployment Insurance Appeal Board upheld that determination, ruling that since claimant performed no services during the period he was receiving severance pay, such period could not constitute "weeks of employment" pursuant to Labor Law § 524. Claimant has appealed.

There should be an affirmance. Where a claimant has concededly done no work for his employer, the weeks for which he received severance and vacation payments cannot be converted into "weeks of employment" since the employer-employee relationship has been terminated (see, Matter of Faccio [Catherwood], 37 AD2d 633, affd 31 NY2d 702; see also, Matter of Walker [Hartnett], 151 AD2d 897). Neither is General Electric's gratuitous continuation of claimant's fringe benefits determinative of the nature of the relationship. Severance pay does not constitute remuneration (see, Labor Law § 517 [2] [h]). A period covered by severance pay payments is not "weeks of employment" (see, Matter of Rappaport [Town of Mamaroneck—Hartnett], 144 AD2d 141, 142).

Claimant has not met the statutory requirements of Labor Law § 527 requiring a base period of 20 weeks of employment under subdivision (1) or, in the alternative, at least 15 weeks under subdivision (2).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.