■ In the Matter of the Claim of CHARLES E. HINES, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 9, 1988, which ruled that claimant was ineligible to receive unemployment insurance benefits because he had insufficient weeks of employment in his base period and charged claimant with a recoverable overpayment.

Claimant was employed by J. C. Penney Company, Inc. from 1969 to 1985. On May 30, 1985, while on vacation, claimant was injured in an automobile accident. During the following six months, from June 3, 1985 to November 30, 1985, claimant, pursuant to his employer's plan, received benefits which amounted to his full salary for the first three months and one half his salary for the final three months of his disability. Claimant then applied for State disability payments covering the same period and, upon receipt of same, turned the money over to his employer.

Claimant was unable to renew work until April 3, 1986 when he applied for unemployment insurance benefits effective March 31, 1986, thereby establishing a base period of April 1, 1985 through March 30, 1986. He was credited with 35 weeks of employment and found to be eligible for benefits without any disqualifying conditions. When claimant expressed the view that he was entitled to more than the $126 weekly rate set by the local office, an inquiry made to his employer revealed that claimant was on sick leave from June 3, 1985 to November 30, 1985. Based on this information, respondent revised his determination as to claimant's eligibility and concluded that claimant's salary equivalent during his period of disability was not "remuneration" so that claimant did not have sufficient weeks of employment in his base period. Therefore, claimant was ineligible for benefits and had received a recoverable overpayment. An Administrative Law Judge overruled this revised determination and, on appeal to the Unemployment Insurance Appeal Board, the case was remanded for a further hearing. Although it is unclear if a further hearing was held, on further administrative appeal the Board decided that respondent had no authority to revise

his determination of claimant's eligibility and sustained the initial determination awarding benefits.

We then decided *Matter of Council (Roberts)* (132 AD2d 437), in which we held that where it is manifest that an original determination is incorrect in fact or law, respondent has authority to review and redetermine the applicant's eligibility. The Board thereafter reopened claimant's case and determined that, under *Council,* respondent had the power to reopen and redetermine claimant's case in accordance with correctly applied facts and law. Thus, the Board sustained the revised determination finding claimant ineligible for benefits and subject to a recoverable overpayment. This appeal followed.

We find the Board's determination that the payments received by claimant from his employer for the period June 3, 1985 to November 30, 1985, pursuant to the employer's disability plan, do not constitute remuneration and the period covered by such payments does not constitute "weeks of employment" to be rational *(see,* Labor Law § 517 [2] [a]; § 524; *Matter of Rappaport [Town of Mamaroneck—Hartnett],* 144 AD2d 141, 142, *lv denied* 74 NY2d 616). As indicated in *Matter of Rappaport (Town of Mamaroneck—Hartnett) (supra)* and in *Matter of Bachuretz (Roberts)* (140 AD2d 785), sick leave and disability payments do not constitute remuneration for work for purposes of entitlement to unemployment insurance benefits pursuant to Labor Law § 517 (2) (a). Next, the phrase "week of employment" is defined in Labor Law § 524 as "a week in which a claimant did some work in employment for an employer liable for contributions * * * under this article". No such work was performed by claimant herein from June 3, 1985 to November 30, 1985. Accordingly, the benefits paid to claimant during this period are being denied and are recoverable *(see,* Labor Law § 597 [4]). Finally, we hold that respondent acted within his authority in reviewing and redetermining claimant's eligibility *(see, Matter of Council [Roberts], supra)* so that the Board's determination is sufficiently supported in the record.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.