■ In the Matter of the Claim of RICHARD L. FUCHS, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 30, 1990, which, *inter alia,* ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

In October 1977, claimant commenced employment as executive assistant and legal officer to the president of a community college under the terms of the employer's executive compensation plan. In June 1987, claimant was advised that his employment in that position was to be terminated. A dispute arose as to claimant's rights under the compensation plan, prompting a discussion of various alternatives for future employment in another position or payment of compensation in settlement of claimant's contract rights. Ultimately, a settlement was reached which satisfied the employer's desire that claimant not be granted tenure and claimant's interest in attaining 20 years of service credit in his pension plan. Under the terms of an August 1, 1987 written agreement between claimant and the employer, claimant was to continue his employment under the executive compensation plan until August 31, 1987 and thereafter was to be employed as a higher education officer through February 28, 1989, at which time his employment was to terminate. During the period

September 1, 1987 through February 28, 1989, claimant was to be "on paid temporary disability leave and annual leave" at the maximum salary for the position of higher education officer and he was permitted to engage in other employment. He also continued to accrue annual leave and service credit under his pension plan and received all applicable fringe benefits, including health and life insurance.

Claimant filed a claim for unemployment insurance benefits effective January 4, 1988 and on the application form indicated that he was not receiving any vacation or holiday pay or "any continuation of salary with fringe benefits". Ultimately, the Unemployment Insurance Appeal Board determined that claimant was ineligible to receive benefits because he was not totally unemployed, charged claimant with a recoverable overpayment of $4,680 and imposed a forfeiture of eight days as the result of claimant's willful misrepresentation. Claimant appeals.

We affirm. "The Board's determination of what constitutes 'total unemployment' under the Labor Law is entitled to great deference and must be upheld if it is rational" *(Matter of Rappaport [Town of Mamaroneck—Hartnett],* 144 AD2d 141, 142, *lv denied* 74 NY2d 616 [citations omitted]; *see, Matter of Berger [Ross],* 41 NY2d 1065, 1066; *Matter of Fisher [Levine],* 36 NY2d 146, 150). Here, the Board could rationally conclude that claimant was not totally unemployed during the period he was continued on the payroll with all regular fringe benefits and accrued and liquidated vacation leave *(see, Matter of Berger [Ross], supra).* We reject claimant's unilateral characterization of the compensation as "severance pay" *(see, Matter of Woody [Roberts],* 139 AD2d 879, 880) and his reliance upon *Matter of Baxter (Hartnett)* (159 AD2d 845), where this court upheld the Board's factual determination that the remuneration, paid under the employer's "severance pay option", constituted severance pay *(see, supra).*

Finally, claimant's false statement that he was not receiving vacation pay, holiday pay or continuation of salary with fringe benefits provided adequate evidentiary support for the Board's determination on the issue of willful misrepresentation *(see, Matter of Maguire [Ross],* 54 NY2d 965).

Mahoney, P. J., Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.