■ In the Matter of the Claim of MIKE CARDO, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.— Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 16, 1992, which ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with registration requirements.

Claimant was employed on a part-time basis as a teacher during the 1990-1991 academic year. Claimant's job ended for the year on June 21, 1991 and he contends that he was given the impression at that time that he would be rehired in the fall. Claimant did not apply for unemployment insurance benefits until August 9, 1991, when he was informed that he would not be rehired.

Claimant was initially determined ineligible to receive benefits due to his failure to comply with the applicable registration requirements. After a hearing, the Administrative Law Judge (hereinafter ALJ) sustained the initial determination, finding that "[o]nly misinformation given by a representative of a local office can excuse a claimant from failing to comply with registration requirements". The Unemployment Insurance Appeal Board affirmed the ALJ's decision and further found that claimant's belief that he would be held ineligible to receive benefits did not excuse his failure to register. This appeal by claimant followed.

There must be a reversal. We have previously held that employer misinformation may constitute good cause for failing to timely register for benefits (see, Matter of Bashe [Roberts], 122 AD2d 415; Matter of Maniace [Roberts], 88 AD2d 1025, 1026; Matter of Beck [Ross], 72 AD2d 867, 868) and, therefore, the ALJ's decision, which was adopted by the Board, clearly was based upon an erroneous statement and application of the law (see, Matter of Bashe [Roberts], supra, at 416). Accordingly, the Board's decision must be reversed.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.