■ In the Matter of the Claim of VALERIE S. KATZ, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [595 NYS2d 133] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 28, 1992, which, *inter alia,* ruled that claimant was ineligible to receive unemployment insurance benefits because she failed to comply with registration requirements.

From March 5, 1990 to November 2, 1990, claimant received disability pay and benefits from her employer. Thereafter, claimant's position with the employer was abolished and she received severance pay from November 2, 1990 to February 22, 1991. Claimant filed for unemployment insurance benefits on or about February 25, 1991, thereby establishing a base period from February 26, 1990 to February 24, 1991. Claimant was subsequently ruled ineligible to receive benefits due to an insufficient number of weeks of covered employment and her failure to comply with registration requirements.

Claimant testified that she delayed filing for unemployment insurance benefits because she was advised by a counselor for the employer not to do so until her severance payments ceased. We have previously held under similar circumstances that "a claimant's reliance on an employer's substantive interpretation of the unemployment insurance law is unreasonable since a claimant could readily clarify his [or her]

status by contacting the local unemployment office" *(Matter of Walker [Hartnett],* 151 AD2d 897, 898). Claimant concededly made no effort in this regard and, therefore, the Unemployment Insurance Appeal Board's determination must be upheld *(see, supra; Matter of Casey [Levine],* 50 AD2d 1032).

We also reject claimant's contention that the Board erred in determining that she had insufficient weeks of covered employment to file a valid original claim. Neither disability payments *(see,* Labor Law § 517 [2] [a]; *Matter of Hines [Hartnett],* 161 AD2d 909, 910) nor severance pay *(see,* Labor Law § 517 [2] [h]; *Matter of Walker [Hartnett], supra,* at 898; *Matter of Woody [Roberts],* 139 AD2d 879, 880) constitute remuneration for work and such payments were properly excluded by the Board in calculating claimant's covered weeks of employment *(see,* Labor Law § 517 [2] [a], [h]; § 524) and determining whether she had filed a valid original claim *(see,* Labor Law § 527). We have examined claimant's remaining arguments and find them to be lacking in merit.

Weiss, P. J., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.