■ In the Matter of the Claim of JUDITH L. GUTOWITZ, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [598 NYS2d 575] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 20, 1991, which, *inter alia,* ruled that claimant was ineligible to receive unemployment insurance benefits because she failed to comply with registration requirements.

Claimant was paid disability benefits from May 11, 1990 until September 25, 1990 because of difficulties during pregnancy. She initially testified that her husband went to the local unemployment insurance office without her on September 25, 1990 and was mistakenly told that until claimant actually received her last disability check she was ineligible for unemployment insurance benefits. Claimant offered no explanation for her failure to go to the local office with her husband in September 1990 and initially stated that her first visit to the local office was on February 14, 1991 when she filed her claim for benefits. It was only when confronted with her earlier statement that she had reported in September 1990 that claimant testified that she was at the local office at that time. The Unemployment Insurance Appeal Board rejected claimant's later assertions and ruled that she did not report until the February 14, 1991 visit. Testimony at the hearing also indicated that it was contrary to local office procedure to have advised claimant's husband that she could not file for benefits. The Board concluded that claimant's failure to timely file could not be excused and refused to backdate her claim. As a result, the Board ruled that she had insufficient weeks of covered employment in her base period (February 12, 1990 to February 14, 1991) to file a valid original claim.

Whether claimant had good cause for her failure to file in September 1990 was a question of fact for Board resolution and, because the record contains substantial evidence to support the Board's determination, it must be upheld (see, Matter of Bashe [Roberts], 122 AD2d 415). Although claimant prevailed at the initial hearing, credibility determinations are within the province of the Board and it was not bound by the findings of the Administrative Law Judge (see, Matter of Horton [Hartnett], 176 AD2d 1103). Nor do we find error in the Board's determination that claimant had an insufficient number of weeks of covered employment and was therefore ineligible to receive benefits (see, Labor Law § 527 [1], [2]).

Weiss, P. J., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.