■ In the Matter of the Claim of ABUL BARKAT MAHMUD, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Re-

spondent. [601 NYS2d 976] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 21, 1992, which ruled that claimant was ineligible to receive unemployment insurance benefits because he had insufficient weeks of covered employment.

Claimant worked for his employer from 1986 until his discharge on May 10, 1989. As a result of a grievance filed by his union, an arbitrator determined that claimant had been wrongfully discharged and ordered his reinstatement, with back pay for the period May 8, 1989 to October 1, 1989. Claimant thereafter returned to work on September 25, 1990. He sustained an injury on the first day he resumed work which resulted in an award of workers' compensation benefits from September 25, 1990 to January 14, 1991. He was laid off on March 17, 1991 and filed an original claim for unemployment insurance benefits on March 18, 1991, thus establishing a base period, which includes a 16-week extension for the period he received workers' compensation benefits, from November 27, 1989 to March 17, 1991 (see, Labor Law § 527 [1], [3]).

By excluding the time that claimant received workers' compensation benefits, which period is not considered covered employment (see, Matter of Luxenberg [Hartnett], 149 AD2d 778), the record establishes that claimant did not have the requisite number of weeks of covered employment during his base period for a valid original claim for benefits (see, Labor Law § 527 [1], [2]). A "week of employment", as that term is defined in Labor Law § 524, contemplates a week where the employee *actually performed some work* for the employer (see, Matter of Hines [Hartnett], 161 AD2d 909, 910; Matter of Woody [Roberts], 139 AD2d 879; Matter of Politzer [Catherwood], 11 AD2d 839) or where the employee is on paid vacation or another type of paid leave of absence (see, 12 NYCRR 470.2 [g]). Given the facts in this record, we find that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was ineligible to receive unemployment insurance benefits because he had insufficient weeks of covered employment. Finally, as the Board noted, the period of time for which claimant received back pay is not relevant to the issue of whether he had sufficient weeks of employment because that period is not part of claimant's extended base period.

Weiss, P. J., Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.