■ In the Matter of the Claim of LEILEI CHEN, Appellant. COMMISSIONER OF LABOR, Respondent. [762 NYS2d 309] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 27, 2002, which ruled, inter alia, that claimant was ineligible to receive unemployment insurance benefits because she failed to comply with certification and registration requirements.

Claimant applied for unemployment insurance benefits effective July 8, 2002 and correctly certified by telephone for a week. Claimant, who had received an informational booklet which explained the certification process, became confused the following week by the telephone instructions and pressed the wrong button. Claimant continued to make this error for the next five weeks. The Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive unemployment insurance benefits effective July 15, 2002 through July 21, 2002 because

she failed to certify for that benefit week within the seven-day period for certification, and effective July 22, 2002 through August 25, 2002 because she failed to comply with the registration requirements.

"Certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits" (*Matter of Prieto [Commissioner of Labor]*, 255 AD2d 859, 860 [1998] [citation omitted]). Although this failure can be excused for good cause (*see id.* at 860), here, we find substantial evidence to support the decision of the Board (*see Matter of Del Vecchio [Commissioner of Labor]*, 288 AD2d 548, 549 [2001]; *Matter of Rosado [Commissioner of Labor]*, 275 AD2d 848, 848 [2000]; *Matter of Baker [Commissioner of Labor]*, 260 AD2d 887, 887 [1999], *lv dismissed* 94 NY2d 818 [1999]). Claimant was provided with the informational booklet explaining the certification process. Significantly, claimant received no misinformation from the local unemployment insurance office and she failed to contact the local unemployment insurance office for five weeks despite not receiving any benefit checks. Claimant's assertion in her brief that she is not proficient in English is not properly before this Court having been raised for the first time on appeal. In any event, claimant competently testified at the hearing and did not request an interpreter.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.