■ In the Matter of the Claim of ANTHONY R. PATERSON, Appellant. COMMISSIONER OF LABOR, Respondent. [786 NYS2d 859]—

Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 22, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with certification and registration requirements.

Claimant was employed as a professor at a state university until he left under nondisqualifying circumstances in May 2000. In October 2000, claimant applied for and received unemployment insurance benefits until April 2001, when such benefit period expired. Although he remained unemployed, claimant made no further attempts to certify for benefits, file a new claim or contact his local unemployment insurance office for instructions. In July 2002, claimant was provided with, pursuant to the terms of a settlement agreement resolving a grievance he had filed against his employer, a lump sum check representing back pay for his retroactive reinstatement and subsequent retirement in good standing for the period from May 12, 2000 through January 2, 2002.

In August 2002, claimant filed a new claim seeking backdated unemployment insurance benefits for January 2002 through July 2002. After the initial disapproval of his application, claimant received a hearing, after which the Administrative Law Judge denied his claim on the grounds that he had failed to comply with registration requirements and he had received insufficient remuneration during his established base periods of employment to qualify to file a valid original claim for unemployment insurance benefits. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.

We affirm. A necessary prerequisite in establishing eligibility for benefits is that a claimant register and certify in accordance with the Labor Law and the applicable regulations (*see* Labor Law § 590 [1]; *Matter of Lang [Commissioner of Labor]*, 9 AD3d 648, 649 [2004]; *Matter of Prieto [Commissioner of Labor]*, 255 AD2d 859, 860 [1998]). Here, there is no dispute that claimant, who remained unemployed for the entire period at issue, failed to seek further clarification or instructions regarding his eligibility until nearly 1½ years after the benefits from his initial claim were exhausted, evidently because he was awaiting resolution of his grievance. Claimant admitted that he had received an informational booklet informing him of his obligation to continue certifying for benefits and received no misinformation.

Therefore, we find that substantial evidence supports the Board's determination that claimant failed to establish good cause for filing an untimely claim (*see Matter of Lang [Commissioner of Labor], supra* at 649; *Matter of Chen [Commissioner of Labor]*, 307 AD2d 580, 581 [2003]; *Matter of Maier [Hudacs]*, 207 AD2d 932, 932-933 [1994]).

We further reject claimant's argument that the Board was required to use his lump sum back pay award to compute unemployment insurance benefits. Upon our review of the record, we find that the Board correctly determined that this award did not establish a valid original claim because such remuneration, credited to claimant on the day he received the check in July 2002 (*see* Labor Law § 516), did not constitute earnings during the appropriate base periods established for claimant's August 2002 claim (*see* Labor Law § 527; *Matter of Gutowitz [Hudacs]*, 193 AD2d 1041, 1042 [1993]).

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.