In the Matter of the Claim of Thomas Del Vecchio, Appellant. Commissioner of Labor, Respondent. [731 NYS2d 802] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 16, 2001, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with registration requirements.

Claimant separated from employment in July 1999 and thereafter applied for and received unemployment insurance benefits effective August 2, 1999. He subsequently obtained employment and did not seek to renew his claim for benefits during a five-week period between December 20, 1999 and January 23, 2000 when he was only employed part time, notwithstanding that he may have been eligible for partial benefits during those weeks. In May 2000, while anticipating having to file for unemployment insurance benefits during the summer, claimant reread the instruction booklet he had previously received in August 1999. At that time he realized that he may have been eligible for partial benefits for the period between December 20, 1999 and January 23, 2000. Claimant was ultimately found by the Unemployment Insurance Appeal Board to be ineligible to receive benefits for those five weeks because he failed to comply with the reporting requirements for that period.

We affirm. It is well settled that " '[c]ertifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits' " (*Matter of Rosado [Commissioner of Labor]*, 275 AD2d 848, quoting *Matter of Prieto [Commissioner of Labor]*, 255 AD2d 859, 860).

While it is true that failure to comply with the registration requirements can be excused where good cause is demonstrated, this is a factual question for resolution by the Board (*see, Matter of Foertsch [Commissioner of Labor]*, 272 AD2d 739). Here, we find substantial evidence to support the Board's decision that claimant has failed to demonstrate good cause for his failure to register for benefits (*see, Matter of Baker [Commissioner of Labor]*, 260 AD2d 887, *lv dismissed* 94 NY2d 818; *Matter of Guerin [Commissioner of Labor]*, 257 AD2d 797).

Claimant's remaining arguments have been examined and found to be without merit.

Cardona, P. J., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.