■ In the Matter of the Claim of KAM WING TAM, Appellant. COMMISSIONER OF LABOR, Respondent. [790 NYS2d 322]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant, a jewelry stone setter, requested permission from his employer to take a month's leave of absence to travel to China. The purpose of the trip was for claimant to seek medical treatment for his shoulder. The employer advised claimant that his job would not be held until he returned and that a replace-

ment would be hired. Upon claimant's return, the employer informed him that no work was available and that he should collect his tools. Thereafter, the Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that he voluntarily left his employment without good cause. He now appeals.

We affirm. Although claimant maintained that he obtained his employer's permission to go away for a month and was not informed that his job would be unavailable if his replacement worked out, the employer's witnesses denied that permission was given and indicated that claimant's replacement was hired before he left on his trip. Inasmuch as this conflicting testimony presented a question of credibility for the Board to resolve (see *Matter of Shayo [Commissioner of Labor]*, 4 AD3d 663 [2004]; *Matter of Oku [Commissioner of Labor]*, 1 AD3d 684 [2003]), it was free to credit the testimony of the employer's witnesses over that of claimant. Under the circumstances presented, substantial evidence supports the Board's finding that claimant voluntarily left his employment without good cause (see e.g. *Matter of Juarez [Sweeney]*, 231 AD2d 774 [1996]; *Matter of Evans [Levine]*, 50 AD2d 697 [1975]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.