■ In the Matter of the Claim of ROBERT L. MORETTI, Appellant. COMMISSIONER OF LABOR, Respondent. [792 NYS2d 262]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 26, 2004, which ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with registration requirements.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant was ineligible to receive unemployment insurance benefits for a specified period because he failed to comply with registration requirements. It is well settled that "[c]ertifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits" (*Matter of Prieto [Commissioner of Labor]*, 255 AD2d 859, 860 [1998]; *see Matter of Larkin [Commissioner of Labor]*, 12 AD3d 829, 829 [2004]). While failure to comply with the reporting requirements can be excused for good cause shown, this is a factual question for the Board to resolve (*see Matter of Del Vecchio [Commissioner of Labor]*, 288 AD2d 548 [2001]).

Here, the record establishes that claimant failed to comply with the instructions in the unemployment insurance instruction booklet and the initial adverse determination stating that he must continue to certify for benefits each week even while awaiting the outcome of his hearing request. Claimant's contention that he was given contrary advice from an employee at the Department of Labor regarding the need for weekly certification while awaiting a hearing presented a credibility issue for the Board to resolve (*see Matter of Stabile [Commissioner of Labor]*, 250 AD2d 906 [1998]). Notably, the record establishes that even after receiving a favorable outcome regarding his hearing request, claimant delayed in certifying for benefits. Under these circumstances, we find no reason to disturb the Board's decision.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.