■ In the Matter of the Claim of WILLIAM C. COLLIER, Appellant. COMMISSIONER OF LABOR, Respondent. [796 NYS2d 200]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 30, 2004, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a line cook at a restaurant for approximately one month, his last day of work being April 20, 2003. When he filed his claim for unemployment insurance benefits on April 29, 2003, claimant represented that he had been laid off from his job. Claimant's application initially was granted effective April 28, 2003, and he received a total of $1,053 in benefits. After subsequent proceedings, however, the Unemployment Insurance Appeal Board ultimately ruled that (1) claimant was ineligible to receive benefits effective April 21, 2003 through April 27, 2003 because he did not comply with registration requirements, (2) he was disqualified from receiv-

ing benefits thereafter because he voluntarily left his employment without good cause, (3) he was responsible for a recoverable overpayment of benefits pursuant to Labor Law § 597 (4), and (4) his right to receive future benefits was reduced because he made a willful misrepresentation. Claimant now appeals.

Initially, inasmuch as claimant testified that he did not timely file his claim because he misunderstood the instructions on the automated registration system, substantial evidence supports the Board's finding that claimant did not demonstrate good cause for his failure to register for benefits in a timely manner (*see Matter of Paterson [Commissioner of Labor]*, 14 AD3d 751, 752-753 [2005]; *Matter of Del Vecchio [Commissioner of Labor]*, 288 AD2d 548, 549 [2001]). Substantial evidence also supports the Board's finding that claimant voluntarily left his employment without good cause given the employer's testimony that claimant quit his job because he did not think it was working out, which the Board was entitled to credit over the testimony of claimant (*see Matter of Kam Wing Tam [Commissioner of Labor]*, 16 AD3d 749, 750 [2005]; *Matter of Nadler [Commissioner of Labor]*, 274 AD2d 825 [2000]). Lastly, insofar as claimant inaccurately stated on his application that he was laid off, we find no reason to disturb the Board's finding that he made a willful misrepresentation to obtain benefits (*see Matter of Sangiorgio [Commissioner of Labor]*, 13 AD3d 793, 794 [2004]). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.