■ In the Matter of the Claim of JOSEPH P. DE LELIO II, Appellant. COMMISSIONER OF LABOR, Respondent. [797 NYS2d 603]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 2, 2004, which ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with registration requirements.

In March 2003, claimant filed an application for unemployment insurance benefits after he left a job, but was disqualified on the ground that he quit. He subsequently obtained another job, but was laid off on December 22, 2003. Immediately after being laid off, he attempted to certify for benefits over the telephone, but did not call the correct number. He finally spoke with a representative from the Department of Labor on February 9, 2004, who provided him with proper instructions, and he filed a second claim on February 10, 2004. The Unemployment Insurance Appeal Board, however, ruled that he was ineligible to receive benefits for the period December 22, 2003 through February 8, 2004 because he did not comply with registration requirements. He now appeals.

We affirm. It is well established that " '[c]ertifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits' " (*Matter of Larkin [Commissioner of Labor]*, 12 AD3d 829, 829-830 [2004], quoting *Matter of Prieto [Commissioner of Labor]*, 255 AD2d 859, 860 [1998]). Whether the failure to comply with registration requirements should be excused for good cause (*see* 12 NYCRR 473.1 [g]) is a factual issue for the Board to resolve (*see Matter of Moretti [Commissioner of Labor]*, 17 AD3d 761, 761 [2005]; *Matter of Larkin [Commissioner of Labor]*, *supra* at 830). Having been disqualified from receiving benefits in connection with his initial claim, it was incumbent upon claimant to promptly file a new claim after he was laid off in December 2003 (*see generally* Labor Law § 596 [1]; 12 NYCRR 473.1). The Board could reasonably conclude that his delay in doing so, occasioned by his misunderstanding of the telephone number for proper certification, did not constitute good cause. Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.