■ In the Matter of the Claim of PATRICIA A. COSTA, Appellant. COMMISSIONER OF LABOR, Respondent. [807 NYS2d 734]—

Mercure, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 23, 2004, which ruled that claimant was ineligible to receive unemployment insurance benefits because she failed to comply with the reporting requirements.

In January 2002, claimant filed an application for unemployment insurance benefits and began certifying for benefits in accordance with 12 NYCRR 473.2. On June 18, 2002, however, claimant received a decision of the Unemployment Insurance Appeal Board disqualifying her from receiving benefits and thereafter stopped certifying. After claimant received a favorable decision from the Division of Labor Standards and requested reconsideration, the Board reconsidered the matter, rescinded its June 18, 2002 decision and awarded claimant benefits effective January 2002. Claimant received unemployment insurance benefits through the week ending June 16, 2002, but the Board ultimately disqualified her from receiving benefits beyond that date because she failed to comply with the reporting requirements (see 12 NYCRR 473.1, 473.2). Claimant now appeals.

We affirm. "It is well settled that registering and certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits" (*Matter of Newman* [*Commissioner of Labor*], 23 AD3d 816, 816 [2005] [citations omitted]; *see Matter of Larkin* [*Commissioner of Labor*], 12 AD3d 829, 829-830 [2004]). Moreover, whether a failure to comply with the reporting requirements should be excused for good cause (*see* 12 NYCRR 473.1 [g]; 473.2 [e]) is a factual issue for the Board to resolve (*see Matter of Moretti* [*Commissioner of Labor*], 17 AD3d 761, 761 [2005]). Claimant contends that she failed to report after June 18, 2002 because she did not anticipate that the Board would rescind its initial decision disqualifying her from receiving benefits. Claimant testified, however, that she chose not to report despite reading the instructions in the unemployment insurance manual indicating that she should comply with the reporting requirements while awaiting a final decision with respect to any claim. Accordingly, the Board's determination finding that claimant failed to demonstrate good cause to excuse her noncompliance with the reporting regulations is supported by substantial evidence and will not be disturbed (*see Matter of Paterson* [*Commissioner of Labor*], 14 AD3d 751, 752-753 [2005]).

We have examined claimant's remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.