■ In the Matter of the Claim of CHRISTOPHER J. SNYDER, Appellant. COMMISSIONER OF LABOR, Respondent. [807 NYS2d 717]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 2004, which ruled that claimant was ineligible to receive unemployment insurance benefits because he did not comply with certification or registration requirements.

Claimant filed an original claim for unemployment insurance benefits effective July 7, 2003. After filing his claim, he certified for benefits by telephone each week until he received a notice of determination, dated September 17, 2003, disqualifying him from receiving benefits. He appealed this determination and it was subsequently overruled. Thereafter, he contacted the Department of Labor and sought to obtain credit for the period

September 15, 2003 through January 14, 2004 during which he was unemployed. Following various proceedings, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive benefits effective September 15, 2003 through September 21, 2003 because he did not properly certify and was ineligible to receive benefits effective September 15, 2003 through January 14, 2004 because he did not comply with registration requirements. Claimant now appeals.

We affirm. It is undisputed that, following receipt of the adverse determination disqualifying him from receiving benefits, claimant did not properly certify or register during the time period at issue. He failed to do so despite the clear language on the notice of determination advising him to read the back of the form where it directed claimant to continue to follow reporting requirements as long as he remained unemployed and was claiming benefits. Although he contends that he was unable to certify either by telephone or on line after receiving the notice of determination, he did not call the number listed in the informational handbook for assistance. Claimant simply assumed that the notice of determination was final and that he did not need to keep certifying for benefits. Inasmuch as the Board could conclude that claimant's misunderstanding did not constitute good cause for his failure to comply with the requirements of Labor Law § 596, substantial evidence supports its decision (*see Matter of De Lelio* [*Commissioner of Labor*], 19 AD3d 917, 918 [2005]; *Matter of Collier* [*Commissioner of Labor*], 19 AD3d 792, 793 [2005]; *Matter of Casey* [*Levine*], 50 AD2d 1032, 1032 [1975]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.