■ In the Matter of the Claim of Bruce E. Breton, Appellant. Commissioner of Labor, Respondent. [816 NYS2d 231]—

Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 14, 2005, which ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with registration requirements.

Claimant was employed by a school district as a tutor during four consecutive school years. Expecting to return as a tutor for the school district in September 2004, claimant did not file a claim for unemployment insurance benefits at the conclusion of the 2003-2004 school year. However, in September 2004, claimant was informed that the school district had implemented a new policy for selecting tutors whereby certified teachers were given preference. Since claimant is not a certified teacher, this policy effectively terminated his position. Claimant filed a claim for unemployment insurance benefits effective September 27, 2004, seeking benefits for all school vacations during the 2003-2004 school year. Following a hearing, an Administrative Law Judge concluded that claimant was ineligible for any benefits prior to September 27, 2004 because he failed to comply with registration requirements. Upon review, the Unemployment Insurance Appeal Board affirmed, and claimant now appeals.

Whether claimant's failure to comply with registration requirements should be excused for good cause is a factual question to be resolved by the Board (see Matter of De Lelio [Commissioner of Labor], 19 AD3d 917, 918 [2005]; Matter of Brady [Commissioner of Labor], 5 AD3d 838, 839 [2004]). Here, claimant testified that, although he recalled receiving letters of reasonable assurance at the conclusion of previous school years, he could not recall whether he had received such a letter at the conclusion of the 2003-2004 school year. The record contains no evidence that claimant received a letter of reasonable assurance at any time during the 2003-2004 school year or at the conclusion thereof. Nor does the record disclose any misrepresentations made by the school district and relied upon by claimant in failing to file his claim for unemployment insurance benefits as required. Inasmuch as the foregoing provides substantial evidence supporting the Board's determination, we will not disturb it (see Matter of Filetto [Union-Endicott Cent. School Dist.—

*Commissioner of Labor]*, 301 AD2d 772, 773 [2003]; *see also Matter of Canellos [Commissioner of Labor]*, 21 AD3d 636, 636 [2005]).

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.