■ In the Matter of the Claim of GEORGE H. WEIER, Appellant. COMMISSIONER OF LABOR, Respondent. [817 NYS2d 738]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 6, 2005, which ruled that claimant was ineligible to receive unemployment insurance benefits for the time period August 23, 2004 to October 3, 2004 because he did not comply with certification and registration requirements.

Claimant filed an original claim for unemployment insurance benefits effective April 12, 2004. Thereafter, until the latter part of August 2004, he called the local unemployment insurance office weekly to certify for benefits. He attempted to call to certify for benefits for the week August 23, 2004 through August 29, 2004, but was in California at the time and was unable to certify through the telephone number that he called. Based upon the message he received, he assumed that he was not eligible for benefits while he was in California and he did not attempt to certify for benefits during the rest of the time that he was there. After he returned to New York, claimant sought benefits from August 23, 2004 through October 3, 2004, a time during which he was unemployed in California. The Unemployment Insurance Appeal Board ruled that he was ineligible to

receive benefits from August 23, 2004 through August 29, 2004 due to his failure to comply with certification requirements, and from August 30, 2004 through October 3, 2004 due to his failure to comply with registration requirements. Claimant appeals.

We affirm. " 'It is well settled that registering and certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits' " (*Matter of Costa [Commissioner of Labor]*, 26 AD3d 558, 559 [2006], quoting *Matter of Newman [Commissioner of Labor]*, 23 AD3d 816, 816 [2005] [citations omitted]; *see* Labor Law § 596; 12 NYCRR 473.1, 473.2, 473.3). Whether good cause exists to excuse a claimant's failure to comply with these requirements is a factual issue for the Board to resolve (*see Matter of Larkin [Commissioner of Labor]*, 12 AD3d 829, 830 [2004]). Here, claimant did not properly certify for benefits the week of August 23, 2004 through August 29, 2004 because he did not call the correct telephone number for certifying for benefits while out of state. He misinterpreted the message he received when he called the wrong number, assumed that he was ineligible for benefits while in California and, for this reason, did not register for benefits from August 30, 2004 through October 3, 2004. Given that claimant received an informational booklet detailing the proper procedure for certifying while out of state and did not contact the Department of Labor for clarification while in California, the Board could reasonably conclude that good cause did not exist to excuse the deficiencies in certification and registration (*see Matter of De Lelio [Commissioner of Labor]*, 19 AD3d 917, 918 [2005]; *Matter of Collier [Commissioner of Labor]*, 19 AD3d 792, 793 [2005]). We have considered claimant's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.