■ In the Matter of the Claim of GEORGETTE FLEISCHER, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 425]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 9, 2007, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because she did not comply with certification and registration requirements.

Claimant, an adjunct professor at two colleges, filed an original claim for unemployment insurance benefits effective July 5, 2006. Not having heard whether her claim was accepted, she received a notice advising her to contact a Department of Labor representative. After leaving several messages for this representative and getting no response, she called two general telephone numbers included in her unemployment materials, but was never connected to a live person. At about the same time, claimant received correspondence from one of the colleges where she taught informing her that, contrary to what she was informed in the spring, she would be teaching two sections there for the fall semester. She was unaware that she could be eligible for benefits under one employer even though not eligible under another. Believing that she was therefore ineligible to receive unemployment insurance benefits, and not having heard anything from the Department, claimant did not certify from August 6, 2006 through September 3, 2006 and did not comply with registration requirements from August 14, 2006 through September 3, 2006. The Unemployment Insurance Appeal Board affirmed a determination of an Administrative Law Judge finding that claimant was ineligible for benefits during the time periods for which she did not properly certify or register. Claimant appeals.

"[R]egistering and certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits" (*Matter of Newman [Commissioner of Labor]*, 23 AD3d 816, 816 [2005]; *see* Labor Law § 596; 12 NYCRR 473.1). The failure to so certify may be excused for good cause shown (*see* 12 NYCRR 473.2 [e]), which is a factual issue for the Board to resolve (*see Matter of Weier [Commissioner of Labor]*, 30 AD3d 951, 952 [2006]; *Matter of Newman [Commissioner of Labor]*, 23 AD3d at 816). While the Board here affirmed the Administrative Law Judge's determination that claimant's failure to certify cannot be excused because it was based upon her personal belief regarding eligibility, notably the determination fails to mention that claimant was contacted by one of her two employers and offered further employment starting in the fall. This fact, in addition to

claimant's numerous unsuccessful attempts to clarify her status with the Department and her explanation that she was afraid of committing a fraud by certifying her eligibility when she was unsure whether she was eligible, render it possible that claimant showed good cause for her failure to certify (*compare Matter of Lang [Commissioner of Labor]*, 9 AD3d 648, 649 [2004] [no good cause where the claimant made no effort to contact Department regarding eligibility]). Therefore, we remit to the Board to consider these additional facts in rendering a determination on the issue of whether claimant established good cause.

Cardona, P.J., Mercure, Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for a determination of whether claimant established good cause to excuse her failure to register and certify for benefits.