In the Matter of the Claim of JERRY LaFORGIA, Appellant. COMMISSIONER OF LABOR, Respondent. [865 NYS2d 693]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 31, 2008, which ruled that claimant was ineligible to receive unemployment insurance benefits for a certain period because he did not comply with reporting requirements.

Claimant, a bus driver, filed a claim for unemployment insurance benefits on July 7, 2007. He received two notices that he was required to attend a reemployment services orientation provided by the Department of Labor on August 24, 2007. Claimant had received a similar notice in error three years earlier and was scheduled to return to work on September 5,

2007. In view of this, he did not think that he had to report and failed to do so on the required date. After his benefits were suspended, however, he reported on August 30, 2007. The Unemployment Insurance Appeal Board subsequently ruled that claimant was ineligible to receive unemployment insurance benefits for the period August 24, 2007 through August 29, 2007 because he did not comply with reporting requirements. Claimant appeals.

We affirm. Initially, we note that compliance with the registration and certification requirements of the Labor Law and pertinent regulations is a prerequisite to eligibility for unemployment insurance benefits (*see Matter of Costa [Commissioner of Labor]*, 26 AD3d 558, 559 [2006]; *Matter of Larkin [Commissioner of Labor]*, 12 AD3d 829, 829-830 [2004]; *see also* Labor Law § 596; 12 NYCRR 473.3). "While failure to comply with the reporting requirements can be excused for good cause shown, this is a factual question for the Board to resolve" (*Matter of Moretti [Commissioner of Labor]*, 17 AD3d 761 [2005] [citation omitted]; *see* 12 NYCRR 473.3 [f]). Here, claimant admittedly failed to attend the required orientation despite the advisement on the second notice that attendance was mandatory and that failure to attend could result in the suspension of benefits. The Board could reasonably conclude that claimant's excuse that he did not think he had to report did not constitute good cause for his noncompliance. Accordingly, we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.