■ In the Matter of the Claim of KIMBERLY S. DIXON-WEAVER, Appellant. COMMISSIONER OF LABOR, Respondent. [890 NYS2d 142]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 17, 2008, which, upon reconsideration, adhered to its prior decision ruling, among other things, that claimant was disqualified from receiving unemployment insurance benefits effective March 31, 2008 because she voluntarily left her employment without good cause.

Claimant worked on an assembly line for over 10 years until she left her job on March 30, 2008. Before she left, claimant had had surgery on her shoulder as well as her arms, and the employer had given her a light-duty assignment consistent with

her medical limitations. Claimant failed to obtain documentation from her doctor substantiating the continuance of her medical limitations and she decided to stop working to pursue a job in the field of accounting. She was also concerned that a new company was taking over her employer's business and that she would be laid off. She filed a claim for unemployment insurance benefits effective January 20, 2008, but did not certify for benefits from April 21, 2008 until May 10, 2008 because her claim was under investigation. The Unemployment Insurance Appeal Board subsequently ruled that she was disqualified from receiving benefits effective March 31, 2008 because she voluntarily left her employment without good cause, was ineligible to receive benefits from April 21, 2008 until April 27, 2008 because she did not certify for benefits, and was ineligible to receive benefits from April 28, 2008 until May 4, 2008 because she did not comply with registration requirements. The Board adhered to this decision upon reconsideration and claimant now appeals.

We affirm. "Resigning from a job due to a medical condition has been held not to constitute good cause for leaving employment absent evidence that the separation from employment was medically necessary" (*Matter of Sheldon [Commissioner of Labor]*, 29 AD3d 1143, 1144 [2006] [citations omitted]; *see Matter of Diermyer [Commissioner of Labor]*, 58 AD3d 996, 997 [2009]). Similarly, quitting a job in anticipation of being discharged has been held not to constitute good cause for leaving employment (*see Matter of Molenda [Commissioner of Labor]*, 40 AD3d 1296 [2007]; *Matter of Kabayiza [Commissioner of Labor]*, 22 AD3d 1014, 1015 [2005]). Here, although claimant stated that she quit her job because she was experiencing pain in her shoulder and arms, her doctor did not advise her to stop working due to this condition. Moreover, while a new company was taking over the employer's business, it was not certain that claimant would have been laid off. In view of the foregoing, substantial evidence supports the Board's finding that claimant left her job for personal and noncompelling reasons.

We further note that "registering and certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits" (*Matter of Newman [Commissioner of Labor]*, 23 AD3d 816, 816 [2005]). "Whether good cause exists to excuse a claimant's failure to comply with these requirements is a factual issue for the Board" (*Matter of Weier [Commissioner of Labor]*, 30 AD3d 951, 952 [2006] [citation omitted]). Claimant mistakenly believed that she did not have to continue to certify for benefits because her claim was under investigation. Inasmuch as the Board could

reasonably conclude that this did not constitute good cause for failure to comply with the necessary requirements (*see Matter of Snyder [Commissioner of Labor]*, 26 AD3d 583, 584 [2006]), substantial evidence also supports the remainder of the Board's decision.

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.