In the Matter of the Claim of ARACELY VENTURA, Appellant. COMMISSIONER OF LABOR, Respondent. [921 NYS2d 692]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 2010, which ruled that claimant was ineligible to receive unemployment insurance benefits because she did not comply with certification and registration requirements.

Claimant filed an original claim for unemployment insurance benefits via telephone on June 9, 2008. She certified for benefits for the weeks ending June 15, 2008 and June 22, 2008. On June 23, 2008, claimant received a notice of determination which denied her benefits due to misconduct and advised her of her right to a hearing. Claimant requested a hearing and, based upon the alleged representations of a Department of Labor representative that she did not have to certify for benefits during the pendency of the hearing, she stopped certifying for benefits. She started registering and certifying for benefits again after her claim was resolved. The Unemployment Insurance Appeal Board subsequently ruled that claimant was ineligible to receive benefits for the time period June 23 through 29, 2008 and for the time period June 30, 2008 through April 26, 2009, due to her failure to comply with certification and registration requirements. Claimant appeals.

We affirm. It is well established that " 'registering and certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits' " (Matter of Dixon-Weaver [Commissioner of Labor], 67 AD3d 1243, 1244 [2009], quoting Matter of Newman [Commissioner of Labor], 23 AD3d 816, 816 [2005]; see Labor Law § 596; 12 NYCRR 473.1, 473.2, 473.3). "Whether good cause exists to

excuse a claimant's failure to comply with these requirements is a factual issue for the Board to resolve" (*Matter of Weier [Commissioner of Labor]*, 30 AD3d 951, 952 [2006] [citation omitted]). Here, claimant stated that she did not follow the necessary requirements based upon advice purportedly given to her by a Department of Labor representative. This excuse, however, presented a credibility issue for the Board to resolve particularly given the testimony of a different Department of Labor representative who stated that such advice was directly contrary to the regular protocol that claimants were instructed to follow in the event of a disputed claim (*see Matter of Moretti [Commissioner of Labor]*, 17 AD3d 761 [2005]). Notably, proper instructions were set forth on the notice of determination as well as in the handbook that claimant received. Consequently, the Board could reasonably conclude that claimant did not demonstrate good cause for her failure to comply with certification and registration requirements (*see Matter of Weier [Commissioner of Labor]*, 30 AD3d at 952; *Matter of Snyder [Commissioner of Labor]*, 26 AD3d 583, 584 [2006]; *Matter of Costa [Commissioner of Labor]*, 26 AD3d 558, 559 [2006]). Therefore, we find no reason to disturb the Board's decision.

Spain, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.