Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 27, 2011, which ruled that claimant was ineligible to receive unemployment insurance benefits because she did not comply with registration requirements.
Claimant was suspended from her job on February 15, 2010 and was terminated on March 5, 2010. She filed a claim for unemployment insurance benefits the date she was terminated. *1589 Following a hearing, an Administrative Law Judge ruled that claimant was ineligible to receive benefits for the period February 15, 2010 through February 28, 2010 because she did not comply with registration requirements. This decision was upheld by the Unemployment Insurance Appeal Board and claimant now appeals.
We affirm. It is well settled that certifying for benefits in accordance with the provisions of the Labor Law and pertinent regulations is a prerequisite to eligibility (see Matter of Weinstein [Commissioner of Labor], 60 AD3d 1228, 1228 [2009]; Matter of De Lelio [Commissioner of Labor], 19 AD3d 917, 918 [2005]). Whether good cause exists to excuse a claimant’s failure to comply with registration requirements is a factual issue for the Board to resolve (see Matter of Weier [Commissioner of Labor], 30 AD3d 951, 951 [2006]; Matter of Breton [Commissioner of Labor], 30 AD3d 661, 662 [2006]). Here, claimant stated that she did not apply for benefits prior to March 5, 2010 because she believed that she would continue to be paid during her period of suspension. However, claimant was not informed by the employer that she was being suspended with pay, nor did she make an inquiry to the employer in that regard. Inasmuch as claimant received no misrepresentations from the employer and made no attempt to contact the local unemployment insurance office regarding her eligibility to file a claim for benefits, the Board could reasonably conclude that claimant failed to demonstrate good cause for her noncompliance with the reporting requirements (see Matter of Weinstein [Commissioner of Labor], 60 AD3d at 1228; Matter of Troise [Commissioner of Labor], 45 AD3d 1163, 1163-1164 [2007]; Matter of Breton [Commissioner of Labor], 30 AD3d at 662; Matter of De Lelio [Commissioner of Labor], 19 AD3d at 918). Claimant’s remaining assertion has not been preserved for our review.
Peters, EJ., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.