■ In the Matter of the Claim of KIM M. DRAXDORF, Appellant. COMMISSIONER OF LABOR, Respondent. [978 NYS2d 474]—

Claimant worked as a part-time public school teacher during the 2011-2012 academic year. Believing that she would be rehired during the 2012-2013 school year in the same capacity or as a substitute teacher, she did not file a claim for unemployment insurance benefits during the summer of 2012. However, when she was not rehired and was unable to work as a substitute, she filed a claim for unemployment insurance benefits effective September 3, 2012. Claimant subsequently was denied benefits upon the ground that she did not comply with the applicable registration requirements, and that determination was upheld by the Unemployment Insurance Appeal Board. Claimant now appeals.

Initially, it is well settled that registering and certifying for benefits in accordance with the requirements of the Labor Law and applicable regulations is a prerequisite to eligibility (*see Matter of Ventura [Commissioner of Labor]*, 83 AD3d 1330, 1330 [2011]; *Matter of LaForgia [Commissioner of Labor]*, 54 AD3d 1090, 1091 [2008]; *see also* Labor Law § 596; 12 NYCRR 473.1, 473.2, 473.3). While the failure to comply with such requirements may be excused for good cause shown (*see* 12 NYCRR 473.3 [f]), this is a factual issue for the Board to resolve (*see Matter of Weinstein [Commissioner of Labor]*, 60 AD3d 1228, 1228 [2009]; *Matter of LaForgia [Commissioner of Labor]*, 54 AD3d at 1091).

Here, claimant testified that she failed to register because her employer gave her a reasonable assurance that her employment would be continued during the 2012-1013 school year and,

therefore, she did not think that she was eligible for benefits. In fact, claimant related that she previously had applied for benefits under similar circumstances and her claim was denied upon the basis that she had been given a reasonable assurance of continued employment. Claimant further testified that she did not file the claim at issue until it became clear that she would not be rehired as a regular part-time teacher and could not be retained as a substitute due to licensing problems. Notably, no evidence was introduced to contradict claimant's testimony. To the extent that the unemployment insurance handbook instructed claimant otherwise, such instruction was understandably confusing in light of claimant's past experience. Accordingly, under the particular circumstances presented, we find that the Board's decision is not supported by substantial evidence given that claimant demonstrated good cause for her failure to comply with the registration requirements (*see Matter of Beck [Ross]*, 72 AD2d 867, 868 [1979]; *compare Matter of Breton [Commissioner of Labor]*, 30 AD3d 661, 662-663 [2006]).

Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.