■ In the Matter of SACHIKO INATOMI, Appellant. COMMISSIONER OF LABOR, Respondent. [984 NYS2d 238]—

Appeals from three decisions of the Unemployment Insurance Appeal Board, filed April 9, 2013, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she failed to comply with reporting requirements and she was not available for employment.

Claimant filed a claim for unemployment insurance benefits

on April 13, 2012, with an effective date of April 9, 2012. On April 16, 2012, claimant traveled to Japan, where she remained until April 24, 2012. The Unemployment Insurance Appeal Board ultimately determined that claimant was ineligible to receive benefits effective April 9, 2012 through April 24, 2012, because she was not available for employment during that time, as well as her failure to comply with reporting and certification requirements. The Board also charged claimant with a recoverable overpayment and imposed a forfeiture penalty. Claimant appeals.

We affirm. Compliance with the certification and reporting requirements of the Labor Law and applicable regulations is a prerequisite to eligibility for unemployment insurance benefits (*see Matter of LaForgia [Commissioner of Labor]*, 54 AD3d 1090, 1091 [2008]; *Matter of Costa [Commissioner of Labor]*, 26 AD3d 558, 559 [2006]). "While failure to comply with the reporting requirements can be excused for good cause shown, this is a factual question for the Board to resolve" (*Matter of Moretti [Commissioner of Labor]*, 17 AD3d 761, 761 [2005] [citation omitted]). The unemployment insurance handbook states that a claimant must be "prepared to take a job immediately," and claimant is required to contact the Department of Labor to discuss eligibility for benefits if the claimant is going to leave his or her normal labor market, and the failure to advise the Department prior to leaving could result in a denial of benefits. The handbook also prohibits a claimant from divulging his or her personal identification number in order to allow someone else to certify for benefits.

Claimant admitted that she did not contact the Department regarding her trip to Japan and, while there, had her husband certify that she was eligible for benefits by using her personal identification number. Accordingly, the Board's determination that claimant did not comply with the Department's certification and reporting requirements is supported by substantial evidence. Further, claimant's contention that she was prepared to take a job immediately while in Japan raised a question for fact for the Board's resolution (*see Matter of Kossarska-Goetz [Commissioner of Labor]*, 111 AD3d 1240, 1240-1241 [2013]; *Matter of Monereau [Roberts]*, 98 AD2d 827, 828 [1983]), and its determination is supported by substantial evidence. Finally, claimant's contention on appeal that she never received the handbook is belied by her hearing testimony that she was provided a copy prior to her trip to Japan. Under these circumstances, we find no reason to disturb the Board's determination that claimant made willful misrepresentations to obtain benefits

(see *Matter of Kossarska-Goetz [Commissioner of Labor]*, 111 AD3d at 1241; *Matter of Sferlazza [Nassau Community Coll.— Commissioner of Labor]*, 69 AD3d 1184, 1185 [2010]).

Lahtinen, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.