*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 23, 2015          519219
_____

In the Matter of the Claim of
    KERRY PICKTON,
                    Respondent.

PRIORITY ASSIST INC.,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  March 23, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Jackson Lewis PC, Melville (Christopher M. Valentino of
counsel), for appellant.

        Cynthia Feathers, Glens Falls, for Kerry Pickton,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.

_____

Clark, J.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed August 29, 2013, which ruled, among other
things, that Priority Assist Inc. was liable for additional
unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.

        Priority Assist Inc. is a corporation that sells
automobiles to service personnel on United States Navy vessels in

international waters, who may pick the vehicles up after the end of their deployment.  Priority Assist is based in New York and retained sales representatives like claimant to promote and sell automobiles aboard the vessels (see Labor Law § 511 [3], [5] [b]).  After claimant stopped working for Priority Assist in 2009, he sought unemployment insurance benefits.  The Department of Labor determined that claimant was an employee of Priority Assist and, as such, required it to make additional unemployment insurance contributions based on remuneration paid to claimant and others similarly situated from 2008 onward.  The Unemployment Insurance Appeal Board ultimately upheld that determination and established the claim for benefits, and Priority Assist appeals.

Priority Assist initially asserts that claimant and others similarly situated performed work in federal enclaves — i.e., lands purchased by the federal government, with state consent, "for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings" — and that the Board accordingly lacked jurisdiction to hold it liable for unemployment insurance contributions (US Const, art I, § 8, cl 17).  Even assuming that United States Navy vessels that have never been part of a state constitute federal enclaves, "exclusive jurisdiction over [such an] area . . . remains with the United States, except as modified by statute" (Howard v Commissioners of Sinking Fund of City of Louisville, 344 US 624, 627 [1953] [emphasis added]).  Inasmuch as federal law provides that "[n]o person shall be relieved from compliance with a [s]tate unemployment compensation law on the ground that services were performed on land or premises owned, held, or possessed by the United States," the Board retained jurisdiction here (26 USC § 3305 [d]).

Turning to the merits, "the existence of an employment relationship is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence" (Matter of Automotive Serv. Sys., Inc. [Commissioner of Labor], 56 AD3d 854, 855 [2008]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]).  "An employer-employee relationship exists when the evidence shows that the employer exercises control over the results produced or the means used to achieve the results," with the latter more important (Matter of Empire State Towing &

Recovery Assn. [Commissioner of Labor], 15 NY3d at 437 [citation omitted]; see Matter of Smith [College Network Inc.–Commissioner of Labor], 109 AD3d 1058, 1059 [2013]).

There is substantial evidence in the record before us to conclude that Priority Assist exercised sufficient control over the work of claimant and others similarly situated to establish an employer-employee relationship (see Matter of Interladi [Cremosa Foods Co., LLC–Commissioner of Labor], 70 AD3d 1150, 1150-1151 [2010]; Matter of Greenspan [Adco Paper & Packaging Co.–Commissioner of Labor], 31 AD3d 1092, 1093 [2006]). Specifically, Priority Assist arranged passage on Navy vessels for claimant, paid him a set draw against his commissions, and reimbursed him for his travel expenses. Claimant was additionally provided with promotional materials, business cards and a laptop to assist him in making sales once on board. Priority Assist further required claimant to attend training and regular meetings, and instructed him in appropriate sales techniques. The foregoing evidence supports the Board's determination, and we reject Priority Assist's contention that it contradicted either the Board's informal guidelines or its prior decisions.

We are, however, persuaded that remittal is required due to questions regarding the timeliness of the claim for benefits (see Labor Law §§ 520, 527). "It is well settled that registering and certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits" (Matter of Newman [Commissioner of Labor], 23 AD3d 816, 816 [2005] [citations omitted]; see Matter of Fleischer [Commissioner of Labor], 45 AD3d 1094, 1095 [2007]; Matter of Canellos [Commissioner of Labor], 21 AD3d 636, 636 [2005]). The Department's records indicate that claimant filed for benefits in December 2010 and, accordingly, that the base period used to determine his eligibility for benefits encompassed none of the time he was working for Priority Assist. The record also indicates, however, that claimant filed a timely claim for unemployment insurance benefits in North Carolina that was transferred to New York for jurisdictional reasons, and "compensation shall not be denied or reduced to an individual solely because he files a claim in another [s]tate" (26 USC

§ 3304 [a] [9] [A]).   The Board failed to resolve this relevant question and, accordingly, "its decision[s] must be reversed and the matter remitted for further development of the record" (Matter of Panek [City of Syracuse—Roberts], 111 AD2d 466, 466-467 [1985]; see Matter of Montauk Improvement v Proccacino, 41 NY2d 913, 914 [1977]; Matter of Fleischer [Commissioner of Labor], 45 AD3d at 1095).

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the decisions are modified, without costs, by reversing so much thereof as allowed claimant unemployment insurance benefits; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court