*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                 519468
_____

In the Matter of the Claim of
    ANTHONY D. ROBERTS,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  February 24, 2015

Before:  McCarthy, J.P., Rose, Lynch and Clark, JJ.

_____

        Anthony D. Roberts, Albrightsville, Pennsylvania, appellant
pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 13, 2013, which ruled that claimant was
ineligible to receive unemployment insurance benefits because he
failed to comply with registration requirements.

        Claimant filed a claim for unemployment insurance benefits
on August 17, 2011, with an effective date of August 15, 2011.
Based upon his failure to comply with registration requirements,
the Department of Labor found that claimant was ineligible to
receive unemployment insurance benefits for, as is relevant here,
the period beginning October 31, 2011 and ending when the reason
for his ineligibility no longer exists.  Following a hearing,
this determination was upheld by an Administration Law Judge and,
subsequently, the Unemployment Insurance Appeal Board.  Claimant
now appeals.

        We affirm.  A claimant's registration and certification for unemployment insurance benefits in accordance with the requirements set forth in the Labor Law and applicable regulations is a prerequisite for eligibility (see Matter of Draxdorf [Commissioner of Labor], 113 AD3d 962, 962 [2014]; Matter of Ventura [Commissioner of Labor], 83 AD3d 1330, 1330 [2011]; Matter of Dixon-Weaver [Commissioner of Labor], 67 AD3d 1243, 1244 [2009]; see also Labor Law § 596; 12 NYCRR 473.1, 473.2, 473.3).  While good cause may excuse a claimant's failure to comply with such requirements (see 12 NYCRR 473.3 [f]), whether a claimant has established good cause is a factual issue for the Board to resolve (see Matter of Draxdorf [Commissioner of Labor], 113 AD3d at 962; Matter of Becker [Commissioner of Labor], 95 AD3d 1588, 1589 [2012], appeal dismissed 22 NY3d 1096 [2014]).

        Here, claimant testified at the hearing that, although he was aware of the registration requirements, following the week of October 23, 2011, he "gave up" attempting to register for unemployment insurance benefits because of his repeated frustrations with the online registration system.  Claimant did not attempt to register for benefits again until approximately July 2013.  Based upon this evidence, the Board was well within its discretion to conclude that claimant failed to demonstrate good cause for his noncompliance with the registration requirements; accordingly, we find that there is substantial evidence to support the Board's decision (see Matter of Dixon-Weaver [Commissioner of Labor], 67 AD3d at 1244-1245; Matter of Weinstein [Commissioner of Labor], 60 AD3d 1228, 1228 [2009]; compare Matter of Draxdorf [Commissioner of Labor], 113 AD3d at 963).

        McCarthy, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court