In the Matter of the Claim of GLORIA DESTEFANO, Appellant. COMMISSIONER OF LABOR, Respondent. [60 NYS3d 567]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 2016, which ruled that claimant was ineligible to receive unemployment insurance benefits because she did not comply with certification and registration requirements.

Claimant filed an original claim for unemployment insurance benefits in April 2015 after she was laid off from her job as a teaching assistant. The Department of Labor initially found her eligible to receive benefits, but this determination was overruled by an Administrative Law Judge (hereinafter ALJ) in October 2015 following a hearing. Claimant appealed and, in March 2016, she was notified that the Unemployment Insurance Appeal Board had reversed the ALJ's decision and found her eligible to receive benefits. While her appeal was pending, however, claimant failed to certify for benefits between December 21, 2015 and March 6, 2016 in accordance with Labor Law § 596 and the Department found her ineligible for benefits during this time period. This determination was upheld by an ALJ following a hearing and later by the Board. Claimant now appeals.

We affirm. "It is well settled that registering and certifying for benefits in accordance with the Labor Law and applicable regulations is a necessary prerequisite to eligibility for benefits" (*Matter of Lee [Commissioner of Labor]*, 38 AD3d 1039, 1039-1040 [2007] [internal quotation marks and citations omitted]; *see* Labor Law § 596; 12 NYCRR 473.1, 473.2, 473.3; *Matter of Ventura [Commissioner of Labor]*, 83 AD3d 1330, 1330 [2011]). Whether good cause exists to excuse a claimant's noncompliance with these requirements is a factual issue for the Board to resolve (*see* 12 NYCRR 473.1 [g]; 473.2 [e]; *Matter of*

*Fleischer [Commissioner of Labor]*, 45 AD3d 1094, 1095 [2007]; *Matter of Lee [Commissioner of Labor]*, 38 AD3d at 1040). Here, claimant stated that she did not certify during the time period in question because she did not feel comfortable given the ALJ's decision finding her ineligible for benefits. She nevertheless admitted that both the unemployment insurance handbook and the ALJ's decision advised her that she should continue to certify for benefits while her case was on appeal and that she made a mistake by not doing so. Under these circumstances, substantial evidence supports the Board's finding that good cause did not exist to excuse claimant's failure to certify and its conclusion that she was ineligible to receive benefits. Therefore, we find no reason to disturb the Board's decision.

Peters, P.J., Garry, Devine, Mulvey and Rumsey, JJ., concur. Ordered that the decision is affirmed, without costs.