Matter of Joshi (Commissioner of Labor) (2021 NY Slip Op 05155)





Matter of Joshi (Commissioner of Labor)


2021 NY Slip Op 05155


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532991
[*1]In the Matter of the Claim of Vishwas Joshi, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 3, 2021

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Vishwas Joshi, Setauket, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 17, 2020, which ruled that claimant was ineligible to receive unemployment insurance benefits because he did not comply with registration and certification requirements.
Claimant filed a claim for unemployment insurance benefits on January 8, 2019, with an effective date of December 31, 2018. The Department of Labor found that claimant was ineligible to receive benefits for the time periods of May 20, 2019 through May 26, 2019, May 27, 2019 through July 7, 2019 and August 5, 2019 through August 11, 2019 based upon his failure to comply with the applicable registration and certification requirements. Following a hearing, the determinations were upheld by an Administrative Law Judge and, subsequently, the Unemployment Insurance Appeal Board. Claimant appeals.
We affirm. "It is well settled that registering and certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits" (Matter of Newman [Commissioner of Labor], 23 AD3d 816, 816 [2005] [citations omitted]; see Labor Law § 596; 12 NYCRR 473.1, 473.2, 473.3; Matter of Dixon-Weaver [Commissioner of Labor], 67 AD3d 1243, 1244 [2009]). "Whether good cause exists to excuse a claimant's noncompliance with these requirements is a factual issue for the Board to resolve" (Matter of DeStefano [Commissioner of Labor], 153 AD3d 1020, 1020-1021 [2017] [citations omitted]; see 12 NYCRR 473.1 [g]; 473.2 [e]; Matter of Lee [Commissioner of Labor], 38 AD3d 1039, 1040 [2007]).
Claimant contends that he attempted to comply with the certification and registration requirements during the time periods in question both online and by telephone but was unsuccessful. According to claimant, he telephoned the Department of Labor in April 2019 or May 2019 for help and was informed by the Department's representative that his claim had been invalidated and that he would not be able to certify.[FN1] Department phone records reflect, however, that claimant did not speak with any of its representatives during that time. Rather, he only spoke to a representative in January 2019 and August 2019. Further, the Department's witness testified that its records do not reflect that the claim had ever been invalidated and that claimant could have certified for benefits at any time. In our view, the Board's conclusion that good cause did not excuse claimant's noncompliance with the registration and certification requirements is supported by substantial evidence, and its decision finding claimant ineligible to receive benefits during the time periods at issue will not be disturbed (see Matter of DeStefano [Commissioner of Labor], 153 AD3d at 1021; see also Matter of Roberts [Commissioner of Labor], 127 AD3d 1535, 1536 [2015]; Matter of Ventura [Commissioner of Labor], 83 AD3d 1330, 1331 [2011]; Matter of Lee [Commissioner of Labor], 38 AD3d at 1040).
Clark, J.P., Aarons[*2], Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant certified for benefits for the weeks ending from January 13, 2019 to February 3, 2019 and testified that he did not attempt to certify for benefits again until May 2019 because he was employed during the interim and his earnings rendered him ineligible.