Matter of Frenkel (Commissioner of Labor) (2023 NY Slip Op 06185)

Matter of Frenkel (Commissioner of Labor)

2023 NY Slip Op 06185

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

CV-23-0268
[*1]In the Matter of the Claim of Charles R. Frenkel, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 9, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and McShan, JJ.

Glass Harlow & Hogrogian LLP, New York City (Bryan D. Glass of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 1, 2022, which ruled that claimant was ineligible to receive unemployment insurance benefits because he did not comply with registration and certification requirements.
Claimant filed an original claim for unemployment insurance benefits effective in January 2019 and thereafter certified for and received benefits through July 2019, when his benefits were exhausted. In April 2020, claimant attempted to file a new claim for benefits based upon his ongoing unemployment and ran into difficulty but ultimately, on June 24, 2020, he was advised that his application had been submitted. That claim was backdated, and he certified for benefits for two weeks, the last being March 29, 2020, and he received benefits. After further efforts to certify for benefits and ongoing related communications, claimant's certifications were backdated for several months through the week ending July 26, 2020, and he later received benefits for those weeks. Claimant spoke with a Department of Labor representative on July 28, 2020, and thereafter assumed that he was not eligible for additional unemployment insurance benefits and did not contact the Department or certify for benefits from that date through July 2, 2021, when he was contacted by the Department and his certifications were again backdated for the weeks ending June 2, 2021 through July 4, 2021.
In a series of initial determinations, the Commissioner of Labor held that claimant was ineligible for unemployment benefits for the period of July 27, 2020 through August 2, 2020 because he failed to certify as required, and he was further ineligible for benefits for the periods of August 3, 2020 through November 15, 2020 and December 27, 2020 through May 30, 2021 because he failed to register as required. After a hearing, an Administrative Law Judge (hereinafter ALJ) issued a combined decision which, among other things, sustained the initial determinations of ineligibility for the periods in issue, and the Unemployment Insurance Appeal Board affirmed. Claimant appeals.
We affirm. "It is well settled that registering and certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits" (Matter of Joshi [Commissioner of Labor], 197 AD3d 1492, 1493 [3d Dept 2021] [internal quotation marks and citations omitted]; see Labor Law § 596; 12 NYCRR 473.1, 473.2). A claimant is required to file an original claim and register as totally unemployed in the first week for which benefits are sought (see Labor Law §§ 590 [1]; 596 [1]), although the failure to do so may be excused for good cause (see 12 NYCRR 473.1 [g]; 473.2 [e]). "Whether good cause exists to excuse a claimant's noncompliance with these requirements is a factual issue for the Board to resolve" (Matter of Joshi [Commissioner of Labor], 197 AD3d at 1493 [internal quotation marks and citations omitted]).
Substantial [*2]evidence supports the ALJ's findings and conclusions, adopted by the Board, that claimant failed to certify and register for benefits for the periods in issue, mistakenly believing that he was not entitled to any further benefits, and that he was not thwarted in his efforts to do so for those periods, which did not constitute good cause for his noncompliance (see Matter of Joshi [Commissioner of Labor], 197 AD3d at 1494; Matter of DeStefano [Commissioner of Labor], 153 AD3d 1020, 1020 [3d Dept 2017]; Matter of Roberts [Commissioner of Labor], 127 AD3d 1535, 1536 [3d Dept 2015]). Despite a history of successfully certifying and registering for benefits, and contacting the Department, having his certifications backdated and receiving benefits once compliance difficulties were resolved, claimant did not ask about his eligibility for benefits during his July 28, 2020 phone call with a Department representative; moreover, he did not thereafter attempt to certify for benefits with the Department or contact the Department to inquire about his eligibility for additional benefits during the relevant periods following that call, even when he admittedly learned in December 2020 about the potential for extended benefits going forward. That claimant sought and obtained some ongoing assistance from his elected representative did not obviate the need to comply with the registration and certification requirements and, if unsure about his eligibility, to make efforts to contact the Department to resolve any issues. We have examined claimant's remaining contentions and find that they do not have merit.
Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.