Matter of Harrison (Commissioner of Labor) (2024 NY Slip Op 05620)

Matter of Harrison (Commissioner of Labor)

2024 NY Slip Op 05620

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-2239
[*1]In the Matter of the Claim of Roberta Harrison, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Roberta Harrison, Schenectady, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Fisher, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 2023, which denied claimant's application to reopen and/or reconsider a prior decision.
Claimant filed a claim for unemployment insurance benefits in February 2021, with an effective date of November 30, 2020. She thereafter attempted to backdate her claim to March 19, 2020. In an initial determination, the Department of Labor found that claimant was ineligible to receive benefits for the time period of March 19, 2020 through November 29, 2020 based upon her failure to comply with the applicable registration and certification requirements. Following a hearing, the determination was upheld by an Administrative Law Judge and, subsequently, by the Unemployment Insurance Appeal Board in an August 2023 decision. By decision dated October 2, 2023, the Board denied claimant's application for reopening and reconsideration, and claimant now appeals.[FN1]
We affirm. "[R]egistering and certifying for benefits in accordance with the Labor Law and the applicable regulations is a necessary prerequisite to eligibility for benefits" (Matter of Joshi [Commissioner of Labor], 197 AD3d 1492, 1493 [3d Dept 2021] [internal quotation marks and citation omitted]; see Labor Law § 596; 12 NYCRR 473.1, 473.2, 473.3; Matter of Pickton [Priority Assist Inc.-Commissioner of Labor], 127 AD3d 1484, 1486 [3d Dept 2015]). "Whether good cause exists to excuse a claimant's noncompliance with these requirements is a factual issue for the Board to resolve" (Matter of Frenkel [Commissioner of Labor], 221 AD3d 1397, 1398 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Oct. 22, 2024]; see 12 NYCRR 473.1 [g]; 473.2 [e]; Matter of DeStefano [Commissioner of Labor], 153 AD3d 1020, 1020 [3d Dept 2017]).
In seeking to backdate her claim, claimant asserted that she did not initially register for unemployment insurance benefits for the period of March 19, 2020 through November 29, 2020 because she believed that she did not qualify for benefits and that her request was untimely, and because she was looking for housing and did not have an address. She admitted that she did not inquire further regarding her rights for the period in question and acknowledged that no one from the Department informed her that she could not file a claim due to her housing circumstances. Upon this record, we find that substantial evidence supports the determination that good cause did not excuse claimant's noncompliance with the applicable registration and certification requirements and, thus, the finding that claimant is ineligible to receive benefits for the time period at issue will not be disturbed (see Matter of Frenkel [Commissioner of Labor], 221 AD3d at 1399; Matter of DeStefano [Commissioner of Labor], 153 AD3d at 1020-1021). Claimant's remaining contentions, to the extent properly before us (see generally Matter of Altman [Commissioner of Labor], 3 AD3d 658, 659 [3d Dept 2004]), have been [*2]reviewed and found to be lacking in merit.
Aarons, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Because claimant's application for reopening and/or reconsideration was filed within 30 days of the Board's August 2023 decision, the merits of the underlying claim are properly before us (see Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1288 n [3d Dept 2022]). However, as claimant raises no arguments in her brief related to the Board's decision denying her request for reopening and reconsideration, she has abandoned any claims related thereto (see Matter of Ciotoli [Commissioner of Labor], 199 AD3d 1181, 1182 n 2 [3d Dept 2021]).